UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>Defendant. | No.<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 23-2-22406-0 SEA) |

TO:   Clerk, United States District Court for the Western District of Washington

AND TO:   KIMBERLY BOTTOMS, and her Attorneys of Record

Defendant Block, Inc. ("Block"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 23-2-22406-0 SEA, to the United States District Court for the Western District of Washington. Block removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the grounds set forth below.

1. On November 21, 2023, Plaintiff Kimberly Bottoms, acting individually and on behalf of a purported class of persons she seeks to represent, served the Complaint and Summons on Block's registered agent, the Corporation Trust Company. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Block. *See* 28 U.S.C. § 1446(a).

NOTICE OF REMOVAL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2. Removal of this action is therefore timely because Block filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. Block removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendant; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**Proposed Class Action**

4. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 8, 44-51 (Ex. A), and she appears to seek certification of the putative class under Federal Rules of Civil Procedure 23(b)(3) (*id.* ¶ 44). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

**Minimal Diversity**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶ 9. Plaintiff seeks to represent a class that comprises the following: "All persons: 1) to whose telephone number Defendant assisted in the transmission of one or more commercial electronic text messages as part of its referral program from September 8, 2019 through the date the Court certifies the Class; 2) where such message was sent while such person was a Washington resident; and 3) while the number to which the message was sent was assigned for cellular phone

NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." *Id.* ¶ 44.

7. Defendant Block is a Delaware corporation (as Plaintiff acknowledges, Compl. ¶ 10) with its principal place of business in California. *See* Declaration of Matthew Capers ("Capers Decl.") ¶ 3. No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff and the putative class she seeks to represent and (ii) Block, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiff proposes is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "[t]he Class has more than 1,000 members." Compl. ¶ 45.

**The Amount in Controversy Is Over $5,000,000**

9. "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.*,

NOTICE OF REMOVAL - 3

*LLC v. Owens*, 574 U.S. 81, 84 (2014).  That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

12.  Here, Plaintiff alleges that the putative class consists of "more than 1,000 members," Compl. ¶ 45, and that damages for "each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages[.]" *Id*. ¶¶ 65-66.  Plaintiff also seeks "treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090." Compl. ¶ 67.  The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation.  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13.  Block's business records indicate that, between September 8, 2019 and the present date, more than 10,000 Washington residents received the text messages at issue in Plaintiff's Complaint.  *See* Capers Decl. at ¶ 6.  This estimate relies on reasonable assumptions.

14.  At $1,500 in alleged minimum damages per class member and more than 10,000 class members, the amount in controversy exceeds $15 million.  Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15.  Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a).  Because this Court could have asserted original jurisdiction over this case, Block is entitled to remove the present action to the Court.

16.  King County Superior Court lies within the Western District of Washington.  Accordingly, removal to this district is proper.  *See* 28 U.S.C. § 1441(a).  The Seattle Division is the proper division for this matter, as it is being removed from King County.  *See* LCR 3(e)(1).

NOTICE OF REMOVAL - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through her counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Block's right to assert any defense. Block reserves the right to assert all applicable claims and defenses in response to the Complaint.

## **LCR 101(b) Requirements Are Met**

20. In accordance with LCR 101(b), Block has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Plaintiff's Jury Demand is contained on page 15, line 20 of Exhibit B. Block has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 21st day of December, 2023.

Davis Wright Tremaine LLP

By  *s/ Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369

By  *s/ Lauren B. Rainwater*
    Lauren B. Rainwater, WSBA #43625

By  *s/ Theo A. Lesczynski*
    Theo A. Lesczynski, WSBA #59780

920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
Fax: 206-757-7016
E-mail: kenpayson@dwt.com
E-mail: laurenrainwater@dwt.com
E-mail: theolesczynski@dwt.com

*Attorneys for Defendant Block, Inc.*

NOTICE OF REMOVAL - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

>Beth E. Terrell
>Jennifer Rust Murray
>TERRELL MARSHALL LAW GROUP PLLC
>936 North 34th Street, Suite 300
>Seattle, WA 98103
>Tel.: 206-816-6603
>E-mail:   bterrell@terrellmarshall.com
>              jmurray@terrellmarshall.com
>
>E. Michelle Drake
>BERGER MONTAGUE PC
>43 SE Main Street, Suite 505
>Minneapolis, MN  55414
>Tel.: 612-594-5933
>E-mail:   emdrake@bm.net
>
>Mark B. DeSanto
>BERGER MONTAGUE PC
>1818 Market Street, Suite 3600
>Philadelphia, PA  19103
>Tel.: 215-875-3046
>E-mail:   mdesanto@bm.net
>
>Sophia M. Rios
>BERGER MONTAGUE PC
>401 B Street, Suite 2000
>San Diego, CA  92101
>Tel.: 619-489-0300
>E-mail:   srios@bm.net

*Attorneys for Plaintiff*

DATED this 21st day of December, 2023.

>By *s/ Lauren B. Rainwater*
>Lauren B. Rainwater, WSBA #43625

NOTICE OF REMOVAL - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax