# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
11/21/2023
CT Log Number 545196371

## Service of Process Transmittal Summary

**TO:**      Chrysty Esperanza, Attorney
            Block, Inc.
            1955 BROADWAY STE 600
            OAKLAND, CA 94612-2205

**RE:**      **Process Served in Delaware**

**FOR:**     Block, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated // To: Block, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Order, Cover Sheet, Attachment(s) |
| **COURT/AGENCY:** | KING COUNTY - SUPERIOR COURT, WA<br>Case # 232224060SEA |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/21/2023 at 10:35 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days after the service of this summons, excluding the day of service |
| **ATTORNEY(S)/SENDER(S):** | Jennifer Rust Murray<br>Terrell Marshall Law Group PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>206- 816-6603 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/21/2023, Expected Purge Date: 11/26/2023 |
| | Image SOP |
| | Email Notification,  Kirstie McCornock  kirstie@block.xyz |
| | Email Notification,  Litigation Paralegals  litigation-paralegals@squareup.com |
| | Email Notification,  Chrysty Esperanza  chrysty@block.xyz |
| | Email Notification,  Kamran Jivani  kjivani@block.xyz |
| | Email Notification,  Gemma Daggs  gemma@block.xyz |
| | Email Notification,  Funmi Dumlao  funmi@block.xyz |
| | Email Notification,  Saskia Thompson  saskiat@block.xyz |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street |



**CT Corporation**
**Service of Process Notification**
11/21/2023
CT Log Number 545196371

Wilmington, DE 19801
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Tue, Nov 21, 2023
**Server Name:**                       Kevin Dunn

| | |
|---|---|
| Entity Served | BLOCK, INC. |
| Case Number | 23-2-22406-0 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
2023 NOV 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-22406-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>   Defendant. | No.:<br><br>SUMMONS (60 DAY) |

TO: BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP):

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon Plaintiff. Within fourteen (14) days after you serve the demand, Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

SUMMONS         1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

2 that your written response, if any, may be served on time.

3         THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4 State of Washington.

5

6         RESPECTFULLY SUBMITTED AND DATED this 13th day of November, 2023.

7                        TERRELL MARSHALL LAW GROUP PLLC

8                    By: */s/ Beth E. Terrell*

9                        */s/ Jennifer Rust Murray*
                       Beth E. Terrell, WSBA #26759

10                        Email: bterrell@terrellmarshall.com
                       Jennifer Rust Murray, WSBA #36983

11                        Email: jmurray@terrellmarshall.com
                       936 North 34th Street, Suite 300

12                        Seattle, Washington 98103
                       Telephone: (206) 816-6603

13

14

15                    BERGER MONTAGUE PC

16                    E. Michelle Drake, *Pro Hac Vice Forthcoming*
                   Email: emdrake@bm.net

17                    43 SE Main Street, Suite 505
                   Minneapolis, MN 55414

18                    Telephone: (612) 594-5933

19                    Mark B. DeSanto, *Pro Hac Vice Forthcoming*
                   Email: mdesanto@bm,net

20                    1818 Market Street, Suite 3600
                   Philadelphia, PA 19103

21                    Telephone: (215) 875-3046

22                    Sophia M. Rios, *Pro Hac Vice Forthcoming*

23                    Email: srios@bm.net
                   401 B Street, Suite 2000

24                    San Diego, California 92101
                   Telephone: (619) 489-0300

25

26                    *Attorneys for Plaintiff*

27

28  SUMMONS                    2

**FILED**
2023 NOV 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-22406-0 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>Defendant. | No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86, AND THE COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190<br><br>DEMAND FOR TRIAL BY JURY |

COMES NOW the Plaintiff, KIMBERLY BOTTOMS, by and through undersigned counsel, for causes of action against the above-named Defendant, Block, Inc. (f/k/a, Square, Inc.) (d/b/a Cash App) (hereinafter "Defendant" or "Cash App"), and complains and alleges as follows:

## I.    NATURE OF THE ACTION

1.    Defendant Block, Inc. ("Defendant" or "Cash App") offers a service called Cash App that allows consumers to send and receive money through its Cash App website[1] and mobile app (the "Cash App Mobile App" or "Defendant's App"). While Cash App allows users to send and receive money at no cost, once a consumer becomes a Cash App user they must pay for additional services. For example, Cash App charges a 3% fee for transactions sent from credit cards and charges a .5% - 1.75% fee when users immediately transfer funds from their Cash App

---

[1] https://cash.app/

CLASS ACTION COMPLAINT                            1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  account to their bank accounts.[2] Cash App also charges ATM withdrawal fees and paper money

2  deposit fees.[3] Cash App earned $10.6 billion in revenue in 2022.[4]

3        2.      To market its products and services, Cash App created a referral program called

4  "Invite Friends."[5] Cash App encourages users to refer their contacts to its service by remunerating

5  users for each successful referral. Under the current incentives offered by the program, when a

6  referred individual signs up for Cash App, enters a referral code, and sends a "qualifying payment"

7  of at least $5 from a newly linked debit card, both the referring user and the referred contact receive

8  a bonus of $5 that expires within 14 days.[6] Cash App has offered even higher incentives to referring

9  users in the past.

10        3.      The Cash App Mobile App assists users in referring contacts. All the user has to do

11  is tap "Invite Friends" in the Cash App Mobile App, which then populates a list of the user's phone

12  contacts, and then click a "Get $5" button next to the contacts the user wants to refer. The Cash

13  App Mobile App also displays alerts to users within the application reminding them to "Invite

14  Friends" to earn $5 referral bonuses. Refer-a-friend marketing, such as Cash App's "Invite

15  Friends" program, is a way for companies to mass market their services via text message without

16  directly spamming consumers—instead they pay and enable their users to spam consumers for

17  them.

18        4.      Cash App enabled and assisted one of its users to send Plaintiff a refer-a-friend text

19  message while Plaintiff was a Washington resident.

20        5.      Cash App's conduct violated the Washington Consumer Electronic Mail Act

21  ("CEMA"), RCW 19.190.010 *et seq.*, which makes it illegal for a person to "initiate or assist in

22  the transmission of an electronic commercial text message to a telephone number assigned to a

23  Washington resident for cellular telephone or pager service ...." RCW 19.190.060.

24

25  _____
   [2] https://cash.app/legal/us/en-us/tos

26  [3] *Id.*
   [4] https://www.usesignhouse.com/blog/cash-app-stats

27  [5] https://cash.app/help/us/en-us/3124-cash-refer-friends
   [6] https://cash.app/help/gb/en-gb/3124-cash-refer-friends

28  CLASS ACTION COMPLAINT                    2

6.      "Assist the transmission" means "actions taken by a person to provide substantial assistance or support which enables any person to formulate, compose, send, originate, initiate, or transmit a commercial electronic mail message or a commercial electronic text message when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial electronic mail message or the commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act." RCW 19.190.010.

7.      A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.*, 406 P.3d 1149, 1154-55 (Wash. 2017).

8.      Plaintiff brings this action as a class action on behalf of persons who also received Cash App's illegal spam texts. Plaintiff's requested relief includes an injunction to end these practices, an award to Plaintiff and class members of statutory and exemplary damages for each illegal text, and an award of attorneys' fees and costs.

## II.      PARTIES

9.      Plaintiff Kimberly Bottoms is a natural person residing in Clallam County, Washington.

10.     Defendant Block, Inc. (f/k/a, Square, Inc.) (d/b/a Cash App) is incorporated in Delaware and an American multinational technology conglomerate that operates through two reportable segments (in addition to other subdivisions/subsidiaries): Square and Cash App.[7] Defendant describes Cash App as:

> an ecosystem of financial products and services to help individuals manage their money by providing financial tools that allow individuals to store, send, receive, spend, save and invest their money. Cash App seeks to redefine the world's relationship with money by making it more relatable, instantly available, and universally accessible.[8]

---

[7] https://www.sec.gov/ix?doc=/Archives/edgar/data/1512673/000162828023015762/sq-20230331.htm
[8] *Id.*

CLASS ACTION COMPLAINT                    3

1  Defendant provides its for-profit Cash App services to Washington consumers and conducts
2  related business activities throughout Washington state. Defendant is a "person" as that term is
3  defined in RCW 19.190.010(11) and RCW 19.86.010(1).

4                        **III.   JURISDICTION AND VENUE**

5       11.     This Court has subject matter jurisdiction over this civil action pursuant to, without
6  limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court
7  jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection
8  Act claims) and RCW 19.190.090 (Superior Court jurisdiction over Commercial Electronic Mail
9  Act claims).

10      12.     This Court has personal jurisdiction over Defendant under RCW 4.28.185. This
11 Court may exercise personal jurisdiction over the out-of-state Defendant because the claims
12 alleged in this civil action arose from, without limitation, Defendant's assistance in the
13 transmission of commercial electronic text messages to consumers within the State of Washington.
14 In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state
15 actions would have a consequence within Washington.

16      13.     This Court also has personal jurisdiction over Defendant under RCW 19.86.160.
17 For example, and without limitation, Defendant engaged and is continuing to engage in conduct
18 in violation of RCW 19.86 which has had and continues to have an impact in Washington which
19 said chapter reprehends.

20      14.     Venue is proper in King County Superior Court because, at all relevant times,
21 Defendant has transacted business in King County, including without limitation by distributing the
22 Cash App Mobile App to consumers in King County, proving providing substantial online
23 consumer banking and other financial services to residents of King County, and assisting in the
24 transmission of the marketing text messages alleged herein to residents of King County. RCW
25 4.12.025.

26
27
28    CLASS ACTION COMPLAINT              4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

IV.     FACTUAL ALLEGATIONS

2  A.     **The CEMA prohibits initiating or facilitating commercial text messages**

3       15.     The CEMA originally precluded unwanted emails that contain false or misleading

4  information. The Washington legislature amended the CEMA to "limit the practice" of sending

5  commercial text messages to cell phones. *Lyft*, 406 P.3d at 1152 (quoting WASH. LAWS OF 2003,

6  CH. 137, § 1).

7       16.     The CEMA prohibits persons conducting business in the state of Washington to

8  "initiate or assist in the transmission of an electronic commercial text message to a telephone

9  number assigned to a Washington resident for cellular telephone or pager service that is equipped

10  with short message capability or any similar capability allowing the transmission of text

11  messages." RCW 19.190.060(1).

12       17.     The statute provides a private cause of action to persons who received texts in

13  violation of CEMA to enjoin further violations. RCW 19.190.090.

14       18.     A person who receives a text message in violation of the CEMA may bring a claim

15  for damages under Washington's Consumer Protection Act (CPA), RCW 19.86 *et seq.*

16       19.     To establish a violation of Washington's CPA, a claimant must establish five

17  elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the

18  public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge*

19  *Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

20       20.     A violation of RCW 19.190.060 establishes all five elements of the CPA vis a vis

21  RCW 19.190.060(2) (providing the practices prohibited under the statute "are matters vitally

22  affecting the public interest" and "are not reasonable in relation to the development and

23  preservation of business" and constitute "an unfair or deceptive act in trade or commerce and an

24  unfair method of competition" for the purpose of applying the CPA). *See also Lyft*, 406 P.3d at

25  1155 (holding a violation of RCW 19.190.060 establishes the injury and causation elements of a

26  CPA claim as a matter of law).

27

28  CLASS ACTION COMPLAINT            5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.      Defendant assists the transmission of commercial marketing texts**

21.      Defendant promotes the sale its products and services through its "Invite Friends" marketing program.

22.      Without an influx of new users generated through its "Invite Friends" program, Cash App's revenue would be adversely impacted. As stated by CashApp in its filings with the Securities and Exchange Commission, "[f]uture revenue growth depends on our ability to retain existing sellers and customers, attract new sellers and customers, and increase sales to both new and existing sellers and customers."[9]

23.      While referred individuals can download the Cash App Mobile App for free, they must link a debit card to their account and then send a "qualifying payment" of at least $5 in order for both the referring user and the referred contact to receive an invitation bonus of $5 that expires within 14 days.[10]

24.      Cash App generates revenue by charging the following fees to users[11]:

| Transaction Type | Fee (per transaction) |
|---|---|
| Paper Money Deposit<br>Fee applies to paper money deposits at participating retailers. Check your app for a list of retailers in your area. | $1 (per transaction) |
| Instant Deposit<br>Fee for expedited transfer from your Cash App account to a linked account. Funds are typically available within minutes. The applicable fee amount is disclosed at the time of the transaction. | 0.5%-1.75% ($0.25 min) |
| ATM withdrawal - in-network | $2.50 |
| ATM withdrawal - out-of-network | $2.50 |
| Send from credit card | 3% |

25.      Defendant pays its users to recruit additional Cash App users in order to drive revenues. For example, Cash App currently offers a $5 "referral bonus" to both the referring user and the referred contact. Cash App encourages users to send referrals to as many people as possible

---

[9] https://www.sec.gov/ix?doc=/Archives/edgar/data/1512673/000162828023004840/sq-20221231.htm
[10] https://cash.app/help/gb/en-gb/3124-cash-refer-friends
[11] https://cash.app/legal/us/en-us/tos

CLASS ACTION COMPLAINT                                   6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   in order to improve the odds that someone they refer actually signs up, resulting in payment for

2   the referrer.

3       26.     The Cash App Mobile App assists in the transmission of illegal text messages

4   through a series of prompts within the app, starting with the "Invite friends" button depicted below:

5

6                   **Your Account**             ✕

7                        **Edit Profile**

8

9               📷    **Add a profile photo**        ›

10                     Help people find you

11

12            ➕    **Invite friends**          ›

13                    Get $5

14

15       27.     Once a user clicks the foregoing "Invite friends" button, Defendant's App takes

16   them to the page depicted below, where Defendant's App accesses the user's phone contacts and

17   allows the user to search and/or click on their contacts to select individuals to send electronic text

18   messages to through Defendant's referral program:

19



20

21                 **Invite Friends, Get $5 Each** ⓘ

22

23

24

25

26

27

28   CLASS ACTION COMPLAINT           7

28.     The Cash App Mobile App generates electronic messages to be sent to any contacts for which the user clicks the "Get $5" icon displayed below:



29.     As soon as the referring user clicks the "Get $5" button above, the Cash App Mobile App generates a text message directed to the contact and automatically fills the message window with its standardized, pre-composed message soliciting the contact to use Cash App's service and containing a hyperlink the contact can click to create a Cash App account:



30.     The pre-composed, pre-addressed text message includes an invitation to join Cash App in exchange for the promise of $5 for both the contact and referring user, and a unique referral link that allows Cash App to identify the sender of the message.

CLASS ACTION COMPLAINT                    8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    31.    All the user has to do is hit send and the message that Defendant composed is sent
2  to the selected contacts.

3    32.    Defendant substantially assists and supports its users in sending illegal text
4  messages by, *inter alia*: a) encouraging and incentivizing its users to send referral messages by
5  compensating them with money; b) technologically enabling its users to initiate referral text
6  messages through the Cash App Mobile App; c) composing the text messages; d) composing and
7  providing unique user-specific referral links that a text recipient can use to sign up for Defendant's
8  services; and e) formulating text to be sent as part of the "Invite friends" text messages.

9    33.    Defendant does not obtain recipients' clear and affirmative consent in advance to
10  receive the referral text messages and consciously avoids knowing whether its users send the
11  commercial marketing text messages without obtaining recipients' clear and affirmative consent
12  in advance to receive the referral text messages.

13    34.    Defendant knows that its users are seeking payment through the "Invite Friends"
14  program for referring Washington residents to Cash App, often by text message. But Defendant
15  knows or consciously avoids knowing whether its users send the commercial marketing text
16  messages without obtaining recipients' clear and affirmative consent in advance to receive the
17  referral text messages.

18    35.    Defendant does not inform its users that they should obtain those recipients' clear
19  and affirmative consent in advance to receive the referral text messages. Nor does Defendant
20  employ any controls from within the app to ensure that its users obtain recipient's clear and
21  affirmative consent in advance to receive the referral text messages before enabling them to send
22  the commercial marketing text messages.

23  **C.    Defendant assisted in the transmission of illegal text messages to Plaintiff**

24    36.    At all times relevant to this Complaint, Plaintiff has resided in Washington State.

25    37.    At all times relevant to this Complaint, Plaintiff has subscribed to a cellular
26  telephone number.

27

28  CLASS ACTION COMPLAINT                    9

1    38.    Plaintiff's cellular telephone has the capacity to send and receive transmissions of

2 electronic text messages.

3    39.    On March 22, 2023, Plaintiff received an unsolicited commercial electronic text

4 message inviting her to sign up for Defendant's Cash App services. The text included Cash App's

5 pre-composed, standardized language and contained a link directing Plaintiff to Cash App's app

6 or website to create an account thereon, and stated: "Hey! I've been using Cash App to send money

7 and spend using the Cash Card. Try it using my code and you'll get $5. FVRJ1PH."

8    40.    Below is a screenshot of the text Plaintiff received:

9                    Wednesday, Mar 22 • 12:40 AM



20    41.    Plaintiff did not provide clear and affirmative consent in advance to receive the text

21 message above.

22    42.    Plaintiff has received additional text messages inviting her to join Cash App before

23 she received the message above. Plaintiff did not provide clear and affirmative consent in advance

24 to receive any of the additional text messages. For at least one of the additional messages, Plaintiff

25 did not know who the sender was. Plaintiff deleted the spam messages to conserve space on her

26 phone.

27

28    CLASS ACTION COMPLAINT                    10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

43. Plaintiff's privacy was invaded by the text messages she received promoting Defendant's products and services. Plaintiff did not understand why she was receiving annoying and harassing spam texts, which are a nuisance.

## V.   CLASS ACTION ALLEGATIONS

44. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiff brings this case as a class action on behalf of a Class defined as:

> All persons[12]:
>
> 1) to whose telephone number Defendant assisted in the transmission of one or more commercial electronic text messages as part of its referral program from September 8, 2019 through the date the Court certifies the Class;
>
> 2) where such message was sent while such person was a Washington resident; and
>
> 3) while the number to which the message was sent was assigned for cellular phone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

45. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. The Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

46. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. The common questions of law and fact include, but are not limited to:

a.   Whether Defendant assisted the transmission of commercial electronic text messages to recipients residing in Washington State in violation of RCW 19.190.060;

---

[12] As that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a).

11   TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1                  b.      Whether a violation of RCW 19.190.060 establishes all the elements of a

2  claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*;

3                  c.      Whether Plaintiff and the proposed Class are entitled to an injunction

4  enjoining Defendant from sending the unlawful texts in the future; and

5                  d.      The nature and extent of Class-wide injury and damages.

6        47.      Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff's

7  claims, like the claims of the Class arise out of the same common course of conduct by Defendant

8  and are based on the same legal and remedial theories.

9        48.      Adequacy. Plaintiff will fairly and adequately protect the interests of the Class.

10 Plaintiff has retained competent and capable attorneys with significant experience in complex and

11 class action litigation, including consumer class actions and class actions involving unlawful text

12 messages under Washington law. Plaintiff and her counsel are committed to prosecuting this action

13 vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor

14 their counsel have interests that are contrary to or that conflict with those of the proposed Class.

15       49.      Predominance. Defendant has a standard practice of assisting the transmission of

16 commercial electronic text messages to subscribers of cellular telephone numbers residing in

17 Washington State. The common issues arising from this conduct predominate over any individual

18 issues. Adjudication of these issues in a single action has important and desirable advantages of

19 judicial economy.

20       50.      Superiority. Plaintiff and members of the Class have been injured by Defendant's

21 unlawful conduct. Absent a class action, however, most Class members likely would find the cost

22 of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or

23 piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency

24 of adjudication, provides a forum for small claimants, and deters illegal activities. The members

25 of the Class are readily identifiable from Defendant's records and there will be no significant

26 difficulty in the management of this case as a class action.

27       51.      Injunctive Relief. Defendant's conduct is uniform as to all members of the Class.

28

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Defendant has acted or refused to act on grounds that apply generally to the Class, so that final

2   injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Plaintiff

3   further alleges, on information and belief, that the texts described in this Complaint are

4   substantially likely to continue in the future if an injunction is not entered.

5                              **VI.   CAUSES OF ACTION**

6                              **FIRST CLAIM FOR RELIEF**

7        **(Violations of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.*)**

8        52.     Plaintiff realleges and incorporates by reference each and every allegation set forth

9   in the preceding paragraphs.

10       53.     Washington's CEMA prohibits any "person," as that term is defined in RCW

11  19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial

12  electronic text message to a Washington resident's cellular telephone or similar device.

13       54.     Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

14       55.     Defendant assisted the transmission of one or more commercial electronic text

15  messages to Plaintiff and proposed Class members.

16       56.     Defendant's acts and omissions violated RCW 19.190.060(1).

17       57.     Defendant's acts and omissions injured Plaintiff and proposed Class members.

18       58.     Plaintiff and Class members are therefore entitled to injunctive relief in the form of

19  an order enjoining further violations of RCW 19.190.060(1).

20                             **SECOND CLAIM FOR RELIEF**

21       **(*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)**

22       59.     Plaintiff realleges and incorporates by reference each and every allegation set forth

23  in the preceding paragraphs.

24       60.     Plaintiff and Class members are "persons" within the meaning of the CPA, RCW

25  19.86.010(1).

26       61.     Defendant violated the CEMA by assisting in the transmission of an unsolicited

27  commercial electronic text message to Plaintiff and Class members' cellular telephone or similar

28  CLASS ACTION COMPLAINT                    13            TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | devices.

2 | 62. A violation of the CEMA establishes all five elements of Washington's Consumer
3 | Protection Act as a matter of law. RCW 19.190.100 & *Lyft*, 406 P.3d at 1155.

4 | 63. Defendant's violations of the CEMA are unfair or deceptive acts or practices that
5 | occur in trade or commerce under the CPA. RCW 19.190.100.

6 | 64. Defendant's unfair or deceptive acts or practices vitally affect the public interest
7 | and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

8 | 65. Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial
9 | electronic text message sent in violation of the CEMA are the greater of $500 for each such
10 | message or actual damages, which establishes the injury and causation elements of a CPA claim
11 | as a matter of law. *Lyft*, 406 P.3d at 1155.

12 | 66. Defendant engaged in a pattern and practice of violating the CEMA. As a result of
13 | Defendant's acts and omissions, Plaintiff and Class members have sustained damages, including
14 | $500 in statutory damages, for each and every text that violates the CEMA. The full amount of
15 | damages will be proven at trial. Plaintiff and Class members are entitled to recover actual damages
16 | and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW
17 | 19.86.090.

18 | 67. Under the CPA, Plaintiff and members of the Class are also entitled to, and do seek,
19 | injunctive relief prohibiting Defendant from violating the CPA in the future.

20 | **VII.   REQUEST FOR RELIEF**

21 | WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class,
22 | request judgment against Defendant as follows:

23 | A. That the Court certify the proposed Class;

24 | B. That the Court appoint Plaintiff as Class Representative.

25 | C. That the Court appoint the undersigned counsel as counsel for the Class;

26 |

27 |

28 | CLASS ACTION COMPLAINT                14                **TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        D.     That the Court should grant declaratory, equitable, and/or injunctive relief as

2   permitted by law to ensure that Defendant will not continue to engage in the unlawful conduct

3   described in this Complaint;

4        E.     That, should the Court permit Defendant to engage in or rely on spam texting, it

5   enter a judgment requiring them to adopt measures to ensure CEMA compliance, and that the

6   Court retain jurisdiction for a period of at least six months to ensure that Defendant complies with

7   those measures;

8        F.     That the Court enter a judgment awarding any other injunctive relief necessary to

9   ensure Defendant's compliance with the CEMA;

10       G.     That Defendant be immediately restrained from altering, deleting or destroying any

11  documents or records that could be used to identify members of the Class;

12       H.     That Plaintiff and all Class members be awarded statutory damages in the amount

13  of $500 for each violation of the CEMA pursuant to RCW 19.190.040(1) and treble damages

14  pursuant to RCW 19.86.090;

15       I.     That the Court enter an order awarding Plaintiff reasonable attorneys' fees and

16  costs; and

17       J.     That Plaintiff and all Class members be granted other relief as is just and equitable

18  under the circumstances.

19                    **VIII.  TRIAL BY JURY**

20       Plaintiff demands a trial by jury for all issues so triable.

21       RESPECTFULLY SUBMITTED AND DATED this 13th day of November, 2023.

22                    TERRELL MARSHALL LAW GROUP PLLC

23                    By: */s/ Beth E. Terrell*

24                         */s/ Jennifer Rust Murray*

                         Beth E. Terrell, WSBA #26759

25                         Email: bterrell@terrellmarshall.com

                         Jennifer Rust Murray, WSBA #36983

26                         Email: jmurray@terrellmarshall.com

                         936 North 34th Street, Suite 300

27                         Seattle, Washington 98103

28    CLASS ACTION COMPLAINT            15

1

Telephone: (206) 816-6603

2

3          BERGER MONTAGUE PC

4          E. Michelle Drake, *Pro Hac Vice Forthcoming*
           Email: emdrake@bm.net

5          43 SE Main Street, Suite 505
           Minneapolis, MN 55414

6          Telephone: (612) 594-5933

7          Mark B. DeSanto, *Pro Hac Vice Forthcoming*
           Email: mdesanto@bm,net

8          1818 Market Street, Suite 3600
           Philadelphia, PA 19103

9          Telephone: (215) 875-3046

10

11         Sophia M. Rios, *Pro Hac Vice Forthcoming*
           Email: srios@bm.net

12         401 B Street, Suite 2000
           San Diego, California 92101

13         Telephone: (619) 489-0300

14         *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28    CLASS ACTION COMPLAINT                    16

**FILED**
2023 NOV 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-22406-0 SEA

.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| Kimberly Bottoms | No. 23-2-22406-0  SEA |
| VS | **ORDER SETTING CIVIL CASE SCHEDULE** |
| Block | **ASSIGNED JUDGE: William L Dixon, Dept. 46**<br>FILED DATE: 11/14/2023<br>TRIAL DATE:11/18/2024 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk</u>.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 11/14/2023 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 04/23/2024 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 04/23/2024 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 05/07/2024 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 06/17/2024 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 07/29/2024 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 08/12/2024 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 08/12/2024 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 09/30/2024 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 10/21/2024 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 10/28/2024 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 10/28/2024 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/04/2024 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 11/12/2024 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 11/12/2024 |
| | Trial Date [*See KCLCR 40*]. | 11/18/2024 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:      11/14/2023

_____
PRESIDING JUDGE

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms.  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**  Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court.**  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

PRESIDING JUDGE

FILED
2023 NOV 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-22406-0 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| Kimberly Bottoms | No. 23-2-22406-0  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| Block | |
| | (CICS) |

### CAUSE OF ACTION

MSC - Miscellaneous

### AREA OF DESIGNATION

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

**FILED**
2023 NOV 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-22406-0 SEA

**KING COUNTY SUPERIOR COURT**

**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
(CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____
(Provided by the Clerk)

**CASE CAPTION:** *Kimberly Bottoms v. Block, Inc. (f/k/a, Square, Inc.)(d/b/a, Cash App)*
(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☒    **Seattle Area,** defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐    **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

Jennifer Rust Murray            WSBA No. 36983            November 13, 2023
Signature of Attorney           WSBA Number               Date

or

_____            _____
Signature of person who is starting case                Date

_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

☐ Subdivision Election Process Review (SER 2)*

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Civil CICS 07/2023

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4/24/130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4/24/130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Civil CICS 07/2023

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Foreign Protection Order (FPO 2)

(Registering out of state protection order)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated

to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☒ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**
☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**
☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**
☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

Civil CICS 07/2023