The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>Defendant. | No. 2:23-cv-01969-MJP<br><br>STIPULATION AND [PROPOSED ORDER] REGARDING CONDUCTING DEPOSITIONS BY REMOTE MEANS<br><br>Noted for Consideration:<br>September 5, 2024 |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 29(a), the parties agree to the following protocols regarding virtual depositions in this matter:

**Virtual Depositions.**  The depositions of witnesses in this case may be conducted by remote videoconference.

**Notice and Login.**  The parties, the witness, and their counsel (the "Attendees") will attend the deposition through a secure video conferencing connection, the invitation for which will be provided by a court reporting service selected by the party noting the deposition at least one day prior to the deposition.  The Attendees will connect to the secure video platform at least 15 minutes prior to the scheduled time for the deposition with a webcam-equipped laptop, desktop or mobile device and a stable internet connection with an upload speed of greater than 5 Mbps (recommended speed test: https://www.speedtest.net).

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**Physical Presence with Deponent.** The deponents will be made available for deposition by video. The only person permitted in the same room as the deponent is the deponent's lawyer, in which case the deponent and the deponent's lawyer will each have their own computer with camera, and individual or shared audio feeds via microphone or telephone. The deponent will position his or her webcam to provide a wide angle sufficient to capture his or her hand and other movements.

**Conduct of Deponent.** The oath will be administered and the stenographic record will be taken remotely. In lieu of an oath administered in-person, the witness will orally declare his/her testimony in this matter under penalty of perjury. While on the record, the deponent will not privately confer with anyone between a question and an answer except for the purpose of determining the existence and questions of privilege. This stipulation does not govern the conduct of anyone while not on the record. While on the record the deponent will not use any communication device other than those to facilitate the deposition.

**Contact with the Deponent During a Virtual Deposition.** While on the record, no one will communicate with the deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

**Technology Requirements.** All video depositions will be stenographically recorded by a court reporter. The depositions may also be recorded by a videographer if the noticing party provided notice of the same in the deposition notice. If the noticing party elects to hire a videographer to record the deposition, only the witness will be visually recorded on video. The videographer will record only the audio of the remaining Attendees. The court reporter will at all times have access to the same interface as the witness. The deponent, the deponent's lawyer, and the questioning attorney must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition, such that the deponent, deponent's lawyer, and the questioning attorney may be seen and heard at all times during the deposition. Unless directed otherwise by the court reporter, all

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

other attendees will turn video off such that their names appear instead of their live video images (but they may view the video feed of the deposition).  Counsel for the deponent shall be responsible for ensuring that the witness has access to required equipment on the day of the deposition and that the any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition.  Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the deponent or other participants.  Attendees agree to work in good faith to facilitate remote participation.

**Identification of Individuals In Attendance.**  All Attendees shall be identified on the record at the commencement of the deposition.  Persons attending by telephone must identify themselves by name and by telephone number.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

**Conduct by Participants Appearing Virtually.**  In addition to the provisions set forth above, each Attendee should attend from a quiet, private location.  All Attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

**Disruptions.**  In the event the video feed of the deponent, court reporter, deposing attorney, or the objecting attorney is interrupted, the deposition will be suspended, and the parties will go back on the record only when the video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time.  If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may seek appropriate relief from the Court.  Counsel or the witness can request breaks just as they would during an in-person deposition.

**Exhibits**.  If and to the extent that the deponent brings documents with him or her to the deposition that the deposing party wishes to have marked as exhibits, the witness will email the court reporter and the parties' counsel a full and complete copy of those documents.

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The deposing party is not required to provide the witness an advance copy of each exhibit prior to the introduction of that exhibit.

The parties may mark and share exhibits using the court reporter's technology, which facilitates the sharing and review of exhibits through chat and/or exhibit share features.  If the chat or exhibit share features do not work for any Attendees, exhibits will alternatively be shared through some other electronic means such as by email or through a file share site.  The deposing party may direct the witness to a certain part of an exhibit during the deposition by using a pointer, drawing or highlighting function as provided by the court reporter's software or other electronic means.

Alternatively, a deposing party may share exhibits by mailing all parties and witnesses a hard copy of the exhibits and by emailing or otherwise transmitting electronic copies of the documents to the court reporter.  At the commencement of the deposition, the party shall also share the exhibits with the other Attendees through email or a file share site.  The opposing party, its counsel (including anyone working on behalf of the opposing party or its counsel), and the witness shall not open the package containing the hard copy exhibits until the parties are on the record.

**Court Reporter and Videographer.**  The parties stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(4), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.  The court reporter will at all times have access to the same interface as the witness.

The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

**Other Recording.**  No Attendee other than the court reporter and videographer (if any) may record or capture any audio, video, or images of any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops,

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

Remote depositions conducted in accordance with this Stipulation may be admitted at trial with the same effect as a deposition conducted in-person.

Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

This stipulation will be in effect until one of the parties provides notice of the need to make changes to it and agreement is reached, or if the court orders that other procedures shall apply.  The parties agree to make this stipulation an exhibit to the depositions in this case.

STIPULATED TO AND DATED this 6th day of September, 2024.

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| 1 | | |
| 2 | BERGER MONTAGUE PC | DAVIS WRIGHT TREMAINE LLP |
| 3 | | |
| 4 | By: *s/ Sophia M. Rios* | By: *s/ Lauren B. Rainwater* |
| | Sophia M. Rios (*pro hac vice*) | Kenneth E. Payson, WSBA #26369 |
| 5 | Email: srios@bm.net | Lauren B. Rainwater, WSBA #43625 |
| 6 | 8241 La Mesa Blvd., Suite A | Theo A. Lesczynski, WSBA #59780 |
| | La Mesa, CA 91942 | 920 Fifth Avenue, Suite 3300 |
| 7 | Telephone: (619( 489.0300 | Seattle, Washington 98104-1610 |
| | | Telephone: (206) 622-3150 |
| 8 | E. Michelle Drake (*pro hac vice*) | Facsimile: (206) 757-7700 |
| | Email: emdrake@bm.net | E-mail: kenpayson@dwt.com |
| 9 | 1229 Tyler Street NE, Suite 205 | E-mail: laurenrainwater@dwt.com |
| 10 | Minneapolis, MN 55413 | E-mail: theolesczynski@dwt.com |
| | Telephone: (612) 594-5999 | |
| 11 | | *Attorneys for Defendant Block, Inc.* |
| 12 | TERRELL MARSHALL LAW | |
| | GROUP PLLC | |
| 13 | | |
| 14 | Beth E. Terrell, WSBA #26759 | |
| | Email: bterrell@terrellmarshall.com | |
| 15 | Jennifer Rust Murray, WSBA #36983 | |
| | Email: jmurray@terrellmarshall.com | |
| 16 | Eden B. Nordby, WSBA #58654 | |
| 17 | Email: enordby@terrellmarshall.com | |
| | 936 North 34th Street, Suite 300 | |
| 18 | Seattle, Washington 98103-8869 | |
| | Telephone: (206) 816-6603 | |
| 19 | | |
| 20 | *Attorneys for Plaintiff* | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 6

### ~~[PROPOSED]~~ ORDER

It is so ORDERED.

DATED: <u>September 6, 2024</u>

*[signature]*

The Honorable Marsha J. Pechman
UNITED STATES DISTRICT COURT JUDGE

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 5th day of September, 2024.

<u>*s/ Lauren B. Rainwater*</u>
Lauren B. Rainwater, WSBA #43625

STIPULATION REGARDING CONDUCTING
DEPOSITIONS BY REMOTE MEANS
(2:23-cv-01969-MJP) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax