THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>                Defendant. | No. 2:23-cv-01969-MJP<br><br>**JOINT STIPULATION OF FACTS FOR BLOCK'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br><u>**NOTED FOR CONSIDERATION**</u>:<br>SEPTEMBER 27, 2024 |

Plaintiff Kimberly Bottoms ("Plaintiff"), and Defendant Block, Inc. ("Block"), by and through their counsel, stipulate and agree as follows:

1. On November 14, 2023, Plaintiff filed a Complaint alleging that Block violated the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq.*, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, by "assisting in the transmission of an unsolicited commercial electronic text message to Plaintiff…." Dkt. 1-1 at ¶ 61.

2. On January 25, 2024, Block filed a Motion to Dismiss the Complaint for failure to state a claim. Dkt. 12.

3. On March 12, 2024, the parties submitted a Joint Status Report and Discovery Plan setting forth proposed case schedules. Dkt. 17.

4. On April 16, 2024, the Court held a hearing to discuss the Joint Status Report. *See* Dkt. 21. During the hearing, the Court encouraged the parties to consider phasing the case to first

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

focus on Plaintiff-specific dispositive issues before addressing class certification issues. The Court also suggested that the parties stipulate certain facts to limit the scope of discovery in the initial phase.

5. On April 30, 2024, the parties submitted a Supplemental Joint Status Report in which the parties agreed that the case shall proceed in phases, with the first phase focused on resolving Plaintiff's individual claims through an early summary judgment motion ("Phase 1"). Dkt. 23. If Plaintiff's claims survive summary judgment, the case would then proceed to class certification and trial. *See id.*

6. On May 2, 2024, the Court issued an order denying Block's Motion to Dismiss. Dkt. 24.

7. On August 2, 2024, the Court issued a Case Schedule Order setting a fact discovery cut off for Phase 1 for September 6, 2024, and setting a deadline for dispositive motions regarding the named plaintiff to be filed by October 3, 2024. Dkt. 27.

8. On September 13, 2024, the parties filed a stipulated motion to extend the fact discovery cut off for Phase 1 to September 20, 2024 and the deadline for dispositive motions regarding the named plaintiff to October 23, 2024. Dkt. 34. The Court granted the parties' stipulated motion on September 16, 2024. Dkt. 35.

9. The parties have conferred regarding discovery issues and factual stipulations in Phase 1. The parties agree to the following factual stipulations for purposes of Block's anticipated motion for summary judgment on Plaintiff's individual claims.

**A.   Substantial Assistance**

10. RCW 19.190.010 defines "assist the transmission" to mean "actions taken by a person to provide substantial assistance or support which enables any person to formulate, compose, send, originate, initiate, or transmit a commercial electronic mail message or a commercial electronic text message when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial electronic mail message or the

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act."

11. When ruling on Block's Motion to Dismiss, the Court stated that Plaintiff's Complaint alleged that Block provided assistance in the transmission of a text message by:

    a. "paying Cash App users to participate in its referral program," Dkt. 24 at 5;

    b. "creating the 'Invite Friends' feature in the Cash App mobile app, which allows users to easily send 'refer-a-friend' texts by clicking on the 'Invite Friends' button," *id.*;

    c. "prompting users to select individuals from their contacts to send referral texts to," *id.*;

    d. "composing the texts for the Cash App users;" and

    e. "automatically opening the users' text messaging application containing a pre-composed and pre-addressed text message," *id.*

12. The Court held that these five allegations were sufficient to state a plausible claim for relief that Block provided "substantial assistance" in the transmission of a text message to Plaintiff. *See id.*

13. Solely for the purposes of Block's anticipated motion for summary judgment on Plaintiff's individual claims, the parties stipulate and do not dispute that the following facts are true and undisputed with regard to Plaintiff's individual claims against Block:

    a. Block paid Cash App users who referred non-users via its referral program;

    b. Block created the "Invite Friends" feature in Cash App, which allows users to easily send "refer-a-friend" texts by clicking on the "Invite Friends" button;

    c. Cash App prompted users to select individuals from their contacts to send referral text messages;

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

      d.     Cash App provided pre-composed text messages for users; and

      e.     After the user selected a contact, Cash App automatically opened the user's text messaging application containing a pre-composed and pre-addressed text message.

14. The Parties stipulate and agree that Block's anticipated motion for summary judgment on Plaintiff's individual claims will not seek summary judgment on whether the above stipulated conduct constituted "substantial assistance" pursuant to RCW 19.190.010(1).

15. Block reserves the right to raise other arguments on other elements in the statutory definition of "assist the transmission," including but not limited to whether Block "[knew] or consciously avoid[ed] knowing that the initiator of the commercial electronic mail message or the commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act." *See* RCW 19.190.010.

**B.**     **Commercial Nature**

16. RCW 19.190.010(3) defines "commercial electronic text message" as "an electronic text message sent to promote real property, goods, or services for sale or lease."

17. When ruling on Block's Motion to Dismiss, the Court found that the Complaint alleged that Block's refer-a-friend text messages were commercial electronic text messages because:

      a.     "while individuals can download the app for free, the Cash App generates revenue by charging fees for 'paper money deposit,' 'instant deposit,' atm withdrawals, and credit card transactions," *see* Dkt. 24 at 13;

      b.     Cash App's fee-based services "are concrete services that Block offers in order to generate revenue," *id.*; and

      c.     "Block uses the 'Invite Friends' referral program as a way to market their services." *Id.*

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

18. The Court found these allegations were sufficient to state a plausible claim for relief that the Invite Friends text messages Plaintiff received were "commercial in nature." *See id.*

19. Solely for purposes of Block's anticipated motion for summary judgment on Plaintiff's individual claims, the parties stipulate and do not dispute that the following facts are true and undisputed with regard to Plaintiff's individual claims against Block:

    a. Block's Invite Friends text messages encouraged invitees to use Cash App; and

    b. Block provides various services on Cash App, and some services are free while others are fee-based.

20. The Parties stipulate and agree that in Block's anticipated motion for summary judgment on Plaintiff's individual claims, Block will not contend that it did not intend for the Invite Friends text messages to "promote real property, goods, or services for sale or lease" pursuant to RCW 19.190.010(3). Block reserves the right to raise other arguments relating to the commercial nature of the text messages, including whether individual(s) sent Plaintiff Invite Friends text messages in order to promote real property, goods, or services for sale or lease.

**C.  Block's Communications to Users Regarding Obtaining Consent**

21. RCW 19.190.070(1) provides that "it is not a violation of RCW 19.190.060 if … [t]he unsolicited commercial electronic text message is transmitted by a person to a subscriber and the subscriber has clearly and affirmatively consented in advance to receive these text messages."

22. Solely for purposes of Block's anticipated motion for summary judgment on Plaintiff's individual claims, the parties stipulate and do not dispute that the following facts are true and undisputed with regard to Plaintiff's individual claims against Block:

    a. Between March 30, 2021 and March 22, 2023, Block did not state publicly or otherwise inform its users that they should obtain a recipient's express consent prior to sending an Invite Friends text message.

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

     b.   Block did not believe that, between March 30, 2021 and March 22, 2023, all users were obtaining clear and affirmative consent in advance of sending referral text messages to recipients in Washington.

     c.   Between and including March 30, 2021 and March 22, 2023, Block did not collect any information regarding whether its users obtain clear and affirmative consent in advance of sending referral text messages to recipients in Washington.

### D. Discovery Limitations

23.   In exchange for Block's agreement to the above factual stipulations, the parties stipulate and agree to limit discovery into the following issues for the purposes of Block's anticipated motion for summary judgment on Plaintiff's individual claims in Phase 1:

     a.   In Phase 1, Plaintiff will not seek discovery regarding Block's design and functionality of Cash App and whether Block substantially assisted in the transmission of the Invite Friends text messages, including Plaintiff's Request for Production Nos. 4, 5, 6, 7, 8, 9, 10, 13, 14, and 15.

     b.   In Phase 1, Plaintiff will not seek discovery regarding the commercial nature of the text messages, including Plaintiff's Request for Production Nos. 4, 5, 6, 12, 13, and 27, and Plaintiff's Interrogatory No. 4.

     c.   In Phase 1, Plaintiff will not seek discovery regarding whether recipients of Invite Friends text messages consented to the receipt of the text messages, including Plaintiff's Request for Production Nos. 2, 4, and 6.

     d.   In Phase 1, Plaintiff will not seek discovery regarding whether Block was aware that not all recipients of Invite Friends text messages consented to the receipt of the text messages, including Plaintiff's Request for Production Nos. 2 and 3.

     e.   In Phase 1, Plaintiff will not seek discovery regarding how many Invite Friends text messages were sent, both generally and to phone numbers

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

with Washington area codes, including Plaintiff's Interrogatory Nos. 3 and 4.

24. Plaintiff reserves all rights under Rule 56(d) as to Defendant's anticipated motion for summary judgment on Plaintiff's individual claims, including the right to move for additional discovery on any of the issues listed in paragraph 21.

25. Defendant reserves all rights to oppose any motion by Plaintiff under Rule 56(d).

IT IS SO STIPULATED.

DATED this 27th day of October, 2024.

| TERRELL MARSHALL LAW GROUP PLLC | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By  */s/ Jennifer Rust Murray*<br>Beth E. Terrell, WSBA #26759<br>Jennifer Rust Murray, WSBA #36983<br>Eden B. Nordby, WSBA #58654<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Telephone: 206-816-6603<br>E-mail: bterrell@terrellmarshall.com<br>E-mail: jmurray@terrellmarshall.com<br>E-mail: enordby@terrellmarshall.com<br><br>Berger Montague P.C.<br>E. Michelle Drake, *Admitted Pro Hac Vice*<br>1229 Tyler Street NE, Suite 205<br>Minneapolis, MN 55413<br>Telephone: 612-594-5999<br>E-mail: emdrake@bm.net<br><br>Berger Montague P.C.<br>Sophia M. Rios, *Admitted Pro Hac Vice*<br>8241 La Mesa Blvd., Suite A<br>La Mesa, CA 91942<br>Telephone: 619-489-0300<br>E-mail: srios@bm.net<br><br>*Attorneys for Plaintiff Kimberly Bottoms* | By  */s/ Theo A. Lesczynski*<br>Kenneth E. Payson, WSBA #26369<br>Lauren B. Rainwater, WSBA #43625<br>Theo A. Lesczynski, WSBA #59780<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104-1610<br>Telephone: 206-622-3150<br>Fax: 206-757-7016<br>E-mail: kenpayson@dwt.com<br>E-mail: laurenrainwater@dwt.com<br>E-mail: theolesczynski@dwt.com<br><br>*Attorneys for Defendant Block, Inc.* |

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**[PROPOSED] ORDER**

The Court GRANTS the Parties' Stipulation of Facts.

IT IS SO ORDERED this 2nd day of October, 2024.

*[signature]*

HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

JOINT STIPULATION OF FACTS
(No. 2:23-cv-01969-MJP) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax