1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated, Plaintiff, v. BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP), Defendant. | CASE NO. 2:23-cv-01969-MJP EXTENSION ORDER |
|---|---|

This matter comes before the Court on the Parties' LCR 37(A)(2)(I) Submission Regarding Extension of Pre-Trial Deadlines and Trial Date (Dkt. No. 70.) Having reviewed the submission, the arguments therein, and all other supporting materials, the Court GRANTS the request and adopts the case schedule extension as proposed by Plaintiff.

The Court finds there is good cause to extend the existing deadlines in this case. (See Case Schedule Order (Dkt. No. 27).) As an initial matter, the Court notes that consideration of Defendant's Motion for Summary Judgment on Plaintiff's individual claims has been stayed

until March 28, 2025, pending a mediation between the parties which is scheduled to occur on March 18, 2025. (Dkt. No. 74.) This is not the first time that consideration of Defendant's motion has been continued: the Court did so previously for sixty days upon certifying a constitutional challenge to the Washington Commercial Electronic Mail Act. (See Dkt. No. 43 (citing Fed. R. Civ. P. 5.1(b) and 28 U.S.C. § 2403(b)).) Accordingly, February 28, 2025, is no longer a viable date to close discovery in this matter. The Court finds this to be good cause to extend the remaining deadlines set by the case schedule, particularly as those deadlines necessarily flow from the conclusion of discovery.

The Court will adopt the extension schedule proposed by the Plaintiffs as it closely adheres to the existing schedule. Defendant proposes an extension schedule that two new discovery deadlines related to class certification. Specifically, Defendant requests (1) a new deadline "for conducting discovery relevant to class certification issues" to be set "before Plaintiff files her motion for class certification;" and (2) a new deadline set after class-certification "to allow the parties to conduct discovery into the merits of the claims and defenses of any certified class[.]" (Dkt. No. 70 at 5.) The Court does not find that additional deadlines related to class certification are necessary for the resolution of this case, and so declines to adopt Defendant's proposal.

Finding good cause to do so, the Court hereby EXTENDS the pre-trial case deadlines and trial date as follows:

| EVENT | OLD DATE | NEW DATE |
| --- | --- | --- |
| Jury Trial | March 2, 2026 at 9:00 a.m. | To be set by the Court on or after December 14, 2026 |
| Private mediation with Jill Sperber | N/A | March 18, 2025 |

| | | |
|---|---|---|
| Motions related to discovery to be noted in accordance with LCR 7(d) and filed by | January 28, 2025 | November 7, 2025 |
| Fact discovery cut off | February 28, 2025 | December 5, 2025 |
| Parties must exchange expert reports by | March 28, 2025 | January 9, 2026 |
| Expert discovery cut off | May 23, 2025 | March 6, 2026 |
| Motion for class certification to be noted in accordance with LCR 7(d) and filed by | June 13, 2025 | March 27, 2026 |
| All dispositive motions to be noted in accordance with LCR 7(d) and filed by | September 29, 2025 | July 13, 2026 |
| All motions in limine to be noted in accordance with LCR 7(d) and filed by | January 26, 2026 | October 30, 2026 |
| Agreed pretrial order to be filed by | February 17, 2026 | November 20, 2026 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions to be filed by | February 17, 2026 | November 20, 2026 |
| Pretrial Conference | February 24, 2026 at 1:30 pm | December 4, 2026 |
| Jury trial length | 8 days | 8 days |

The clerk is ordered to provide copies of this order to all counsel.

Dated February 12, 2025.

Marsha J. Pechman
United States Senior District Judge