UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>Defendant. | CASE NO. 2:23-cv-01969-MJP<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on Plaintiff Kimberly Bottoms' Motion to File Confidential Documents Under Seal or in Open Court (Dkt. No. 58.) Having reviewed the motion, Defendant Block, Inc.'s response (Dkt. No. 71), and all supporting materials, the Court GRANTS the Motion IN PART.

**ANALYSIS**

Plaintiff seeks to maintain under seal Exhibits 3 and 9 to the Declaration of Jennifer R. Murray, (Dkt. No. 60,) which were filed in support of Plaintiff's Response to Defendant's

Motion for Summary Judgment, (Dkt. No. 61.) The Court first reviews the relevant standard and then discusses the Exhibits.

### A. Legal Standard

Under the "compelling interest" test, which applies here, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

### B. Exhibit 3

Exhibit 3 contains excerpts from Defendant's Amended Answers to Plaintiff's First Set of Interrogatories, which Block designated confidential. Block, as the designating party, has provided a declaration from Ross Lindly, a Product Manager at Block, Inc., who avers that the information contained in Exhibit 3 includes "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SEAL - 2

and descriptions of certain fields of data stored in the database." (Declaration of Ross Lindly (Dkt. No. 72) ¶ 4.) Ross further states that this information is not publicly disclosed, as doing so could endanger Block's business practices and confidential personal and financial information of Block's customers. (Id. ¶ 5.) The Court is satisfied that there are compelling interests that warrant the information in Exhibit 3 remaining under seal. Accordingly, Plaintiff's Motion is GRANTED as to Exhibit 3. Exhibit 3 to the Murray Declaration shall remain under seal and the portion of Plaintiff's response brief which refers to the confidential material shall remain redacted.

### C. Exhibit 9

Exhibit 9 contains excerpts from Defendant's August 28, 2024, deposition of non-party witness Lisa Cook, which the witness designated as confidential during her examination. As the designee, the onus is on Cook to explain why her testimony should remain sealed. See Local Civ. R. 5(g)(3)(B). Cook has remained silent on the issue, despite being served with the instant Motion and being contacted via phone and email. (Declaration of Eden Nordby (Dkt. No. 59) ¶¶ 6–8.) Defendant takes no position on whether the Cook transcript should remain under seal, (Resp. at 3,) and notes that Cook had previously permitted Defendant to introduce unredacted portions of the same deposition in support of its motion for summary judgment. (See Declaration of Theo Lesczynski (Dkt. No. 73) ¶ 2.) Accordingly, the Court finds there to be no compelling interest in maintaining Exhibit 9 under seal. The Motion is therefore DENIED as to Exhibit 9.

### CONCLUSION

In conclusion, the Court GRANTS IN PART the Motion. There are compelling interests to maintain Exhibit 3 under seal. The Court is unaware of any compelling interests in

maintaining Exhibit 9 under seal. Therefore, within 14 days of this Order, Plaintiff is ORDERED to file the following:

1. an unredacted version of Exhibit 9 to the Murray Declaration. (Dkt. No. 60-2.)
2. a version of Plaintiff's Opposition to Defendant's Motion for Summary Judgment which (a) maintains the redactions on those portions of the brief discussing confidential information contained in Exhibit 3; but (b) removes the redactions to those portions of the brief discussing information contained in Exhibit 9.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 11, 2025.

Marsha J. Pechman
United States Senior District Judge