THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8   KIMBERLY BOTTOMS, on behalf of herself
    and all others similarly situated,
9
                                                    NO. 2:23-cv-01969-MJP
                    Plaintiff,
10                                                  **PLAINTIFF'S MOTION FOR**
        v.                                          **PRELIMINARY APPROVAL OF**
11                                                  **CLASS ACTION SETTLEMENT**
    BLOCK, INC. (F/K/A, SQUARE, INC.)
12  (D/B/A, CASH APP),                              **NOTED FOR CONSIDERATION:**
                                                    JULY 21, 2025
13                  Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

                                                                                    PAGE

I.      INTRODUCTION ........................................................................... 1

II.     PROCEDURAL HISTORY.............................................................. 1

III.    SETTLEMENT AGREEMENT ......................................................... 2

        A.      Notice ............................................................................... 3

        B.      Distribution of the Settlement Fund................................... 4

        C.      Opt-Outs and Objections................................................... 6

IV.     ARGUMENT .................................................................................. 6

        A.      The Settlement Class Should be Certified for Settlement Purposes ...................... 6

                1.      Numerosity................................................................ 6

                2.      Commonality............................................................. 7

                3.      Typicality.................................................................. 7

                4.      Adequacy .................................................................. 8

                5.      Predominance............................................................ 9

                6.      Superiority................................................................. 9

        B.      The Settlement Should Be Preliminarily Approved ............ 10

                1.      The Settlement is the Result of Arm's-Length Non-Collusive Negotiations ................ 11

                2.      The Relief Is Appropriate Considering the Strengths of Plaintiff's Case and the Risks of Further Litigation ............ 12

                3.      The Settlement Will Be Fairly Distributed ............... 14

                4.      The Settlement Has No Obvious Deficiencies........... 16

                5.      The Reaction of the Settlement Class to the Proposed Settlement ................ 16

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

C.    The Notice Plan Complies with Fed. R. Civ. P. 23(e) and Due Process .............. 16

V.    CONCLUSION .............................................................................................................. 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF AUTHORITIES</u>

PAGE

### FEDERAL CASES

*Agne v. Papa John's Int'l, Inc.*,
    286 F.R.D. 559 (W.D. Wash. 2012) .................................................................................... 8

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................................. 9, 16

*Booth v. Appstack, Inc.*,
    2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) ............................................................ 7

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................. 11

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ......................................................................................... 8

*Fitzhenry-Russell v. Coca-Cola Co.*,
    2019 WL 11557486 (N.D. Cal. Oct. 3, 2019) .............................................................. 14

*Gragg v. Orange Cab Co., Inc.*,
    No. 12-cv-00576-RSL (W.D. Wash. 2019) ................................................................. 13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .......................................................................... 7, 8, 9, 10

*Hanon v. Dataprods. Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...................................................................................... 7, 8

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) .............................................................................. 7

*Ikuseghan v. Multicare Health Sys.*,
    2015 WL 4600818 (W.D. Wash. July 29, 2015) ........................................................... 7

*Ikuseghan v. Multicare Health Sys.*,
    2016 WL 3976569 (W.D. Wash. July 25, 2016) ......................................................... 11

*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ................................................................................. 10, 15

*In re Hyundai and Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) .......................................................................... 6, 9, 12, 17

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) ...................................................................... 16

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ............................................................... 10, 15

*In re Wash. Mut. Mortg. Backed Secs. Litig.*,
2013 WL 12155026 (W.D. Wash. Jan. 11, 2013) ....................................... 18

*In re WorldCom, Inc. Sec. Litig.*,
2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) ....................................... 14, 15

*Kristensen v. Credit Payment Servs.*,
12 F. Supp. 3d 1292 (D. Nev. 2014) ............................................................ 7

*McCluskey v. Trs. Of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
268 F.R.D. 670 (W.D. Wash. 2010) ............................................................. 6

*Moore, et al. v Robinhood Financial, LLC*,
No. 2:21-cv-01571-BJR (W.D. Wash. July 16, 2024) ........................ 7, 12, 15

*Moorer v. StemGenex Med. Grp., Inc.*,
No. 16-2816, 2021 WL 4993054 (S.D. Cal. Oct. 26, 2021) ........................ 16

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) ............................................................... 14

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015) ............................................................... 14

*Ohring v. UniSea, Inc.*,
2023 WL 7413046 (W.D. Wash. Nov. 9, 2023) ......................................... 18

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009) ................................................. 15

*Randall v. Integrated Commc'n Serv.*,
2023 WL 5743133 (W.D. Wash. Sept. 6, 2023) ......................................... 11

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..................................................................... 14

*Romero v. Securus Tech., Inc.*,
2020 WL 3250599 (S.D. Cal. June 16, 2020) ............................................ 11

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ..................................................................... 15

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..................................................................................................7

*Whitaker v. Bennett Law, PLLC*,
    2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) ..........................................................8

*Williams v. PillPack LLC*,
    343 F.R.D. 201 (W.D. Wash. 2022) .........................................................................7

*Wright v. Lyft, Inc.*, No.
    14-cv-00421-BJR (W.D. Wash. 2019) ....................................................................13

**FEDERAL RULES**

Fed. R. Civ. P. 23(a)(4)........................................................................................................8

Fed. R. Civ. P. 23(c)(2)(B) ...........................................................................................16, 17

Fed. R. Civ. P. 23(e)(1)........................................................................................................6

Fed. R. Civ. P. 23(e)(2)...................................................................................................10, 11

**STATE STATUTES**

RCW 19.190.010 ..................................................................................................................2

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 6
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.    INTRODUCTION

Plaintiff Kimberly Bottoms and Defendant Block, Inc. have reached a classwide settlement to resolve all claims in this lawsuit. The proposed settlement provides a $12,500,000.00 Settlement Fund for the Settlement Class in exchange for Settlement Class Members' release of claims arising from their receipt of text messages regarding the Cash App "Invite Friends" referral program that were or could have been brought in this action. This represents an excellent result for the Settlement Class. The settlement is structured similarly to the settlement in *Moore, et al. v Robinhood Financial, LLC*, No. 2:21-cv-01571-BJR, approved by the Hon. Barbara J. Rothstein in July 2024 (ECF 108). Like *Robinhood*, this settlement is fair and reasonable and should be approved. For the reasons outlined below, Plaintiff respectfully requests that the Court certify the Settlement Class, preliminarily approve the settlement, appoint the Settlement Administrator, order that notice be sent, and schedule a Final Approval Hearing.

## II.    PROCEDURAL HISTORY

Plaintiff filed her class action complaint against Block in King County Superior Court on November 14, 2023, alleging Block violated the Washington Commercial Electronic Mail Act, RCW 19.190, *et seq.* ("CEMA") and the Washington Consumer Protection Act, RCW 19.86, *et seq.* ("CPA") by assisting its users in sending unsolicited advertising text messages to Washington residents through the Cash App "Invite Friends" referral program. (ECF 1.) Block removed the action to this Court (ECF 1) and then filed a motion to dismiss, which the Court denied. (ECF 24.)

At the initial case management conference, the Court proposed the parties bifurcate proceedings to test the named Plaintiff's individual claims through an early summary judgment motion before engaging in classwide discovery. (ECF 23.) The Court also suggested that the parties stipulate certain facts to limit the scope of discovery in the initial phase. The Court's suggestions proved to be effective in enabling the parties to reach an early resolution of the case.

Although the scope of discovery initially was limited to Plaintiff's individual claims, the parties exchanged substantial information relevant to both the individual and class claims. (Murray Decl. ¶11.) For example, Block reserved the right to raise arguments on an element of Plaintiff's

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 1
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CEMA claim—whether Block "[knew] or consciously avoid[ed] knowing that the initiator of the … commercial electronic text message … [was] engaged, or intend[ed] to engage, in any practice that violates the consumer protection act" (RCW 19.190.010). Plaintiff accordingly sought discovery on Block's knowledge of the allegedly unlawful conduct. The parties disagreed whether this discovery was necessary to adjudicate Bottoms's individual claims, but eventually resolved their disputes and entered into two joint stipulations of fact on Bottoms's claims. (ECF 36, 38, 56.) In the end, both parties responded to written discovery, producing thousands of pages of documents. (Murray Decl. ¶¶12-13.) Block also deposed Bottoms and the individual who sent Bottoms the Invite Friends referral text messages and the parties issued multiple subpoenas to cell phone providers. (*Id.* ¶15.)

After the initial discovery period, Block filed its Motion for Summary Judgment on Plaintiff's Individual Claims, which included a constitutional challenge to CEMA. (ECF 40.) The Washington Attorney General intervened and filed its own opposition to Block's motion. (ECF 50-51, 57.) The parties completed briefing on summary judgment and then decided to mediate. (ECF 61, 68.) Consideration of Block's Motion for Summary Judgment was deferred to allow the parties to engage in settlement negotiations. (ECF 74, 82.)

By the time the parties began settlement negotiations, they understood the strengths and weaknesses of their claims and defenses. The parties participated in a full-day mediation with Jill R. Sperber of Judicate West on March 18, 2025, exchanging detailed mediation statements beforehand. (Murray Decl. ¶16.) After further negotiations through Ms. Sperber over the following weeks, the parties reached an agreement on the material terms of the settlement, which are memorialized in the Settlement Agreement ("SA") the parties executed on June 27, 2025. (*Id.* ¶17.) The SA is attached as **Exhibit 1** to the Drake Declaration in support of this motion.

### III.    SETTLEMENT AGREEMENT

The Settlement Agreement provides that Defendant will pay $12,500,000 to establish a non-reversionary common fund for the Settlement Class (SA ¶1.21) and, in exchange, Settlement

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Members will release all claims related to Cash App "Invite Friends" referral text messages that were or could have been brought in this action (*id.* ¶1.14). The Settlement Class is defined as:

> All persons who received a Cash App referral program text message, and who were Washington residents at the time of the receipt of such text message, between and including November 14, 2019 and the latest date Block pulls data to provide to the Settlement Administrator identifying the phone numbers with Washington area codes to which Invite Friends texts were initiated. Persons who clearly and affirmatively consented in advance to receive Cash App referral program text messages are excluded from the class.

(*Id.* ¶1.19.) Block's data shows its users sent Cash App Invite Friends text messages to approximately 1,975,187 unique phone numbers with Washington area codes. (Murray Decl. ¶20.) The Settlement Fund will be used to make payments to Settlement Class Members, to pay for the costs of administering the settlement, to pay amounts approved by the Court for attorneys' fees and costs, and to provide a service award for the Class Representative. Each eligible Settlement Class Member who submits a timely and valid Claim Form will receive an equal *pro rata* distribution from the fund. (SA ¶1.21.)

### A.    Notice

The parties have agreed to request that Eisner Advisory Group, LLC be appointed as Settlement Administrator. The Settlement Administrator will be responsible for implementing the notice plan as outlined in the Settlement Agreement and otherwise administering the settlement. (SA ¶¶2.02.) The Notices will be in substantially the same form as those attached to the Settlement Agreement as Exhibits A-F. The Notices contain detailed information about the settlement, including the information required by Fed. R. Civ. P. 23(c)(2)(B).

To facilitate individual notice to Class Members who can be identified through reasonable efforts, the Settlement Agreement requires Block to provide to the Settlement Administrator data identifying the phone numbers with Washington area codes to which Invite Friends texts were initiated during the Class Period. Block will also provide email addresses or mailing addresses for these phone numbers, if available in Block's records. (SA ¶2.03.) The Settlement Administrator

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:23-cv-01969-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  will use standard industry practices to locate additional contact information for these individuals

2  where necessary to effectuate Class Notice. (*Id.* ¶3.03.01.)

3       Individual Notices will be sent via email and, if unavailable, postcard by U.S. mail, to all

4  identifiable Settlement Class Members. (*Id.* ¶3.03.) The Settlement Administrator will also

5  conduct an online publication notice campaign aimed at reaching potential Settlement Class

6  Members who cannot be identified through reasonable efforts. This portion of the Settlement Class

7  could include, for example, recipients of Cash App referral text messages that live in Washington

8  but have a phone number with an area code from a different state. The online publication notice

9  campaign will be targeted to current and former Washington residents using available advertising

10  tools. (*Id.* ¶3.03.06; Declaration of Brandon Schwartz Regarding Settlement Notice Program

11  ("Admin Decl.") ¶15.) The online publication notice campaign, in conjunction with direct notice,

12  will be designed to reach at least seventy percent of the Settlement Class in order to satisfy due

13  process requirements. (*Id*. ¶10.)

14       The Settlement Administrator will establish and administer the Settlement Website, which

15  will contain the Long Form Notice (SA, Ex. A) and copies of filings and orders concerning the

16  settlement. (SA ¶3.03.02.) Class Members will be able to fill out and submit the Claim Form on

17  the Settlement Website, fill out and mail the tear-off Claim Form provided with the Postcard

18  Notice, or print out a Claim Form from the Website and mail it to the Administrator. (*Id.* ¶4.04;

19  Exs. D, G.) The Claim Form will allow Settlement Class Members to select how they would like

20  to receive payment, including via check or electronic transfer (e.g., Venmo or PayPal). Class

21  Members who have not filed claims by thirty days before the deadline to do so will be sent up to

22  two reminder emails or a postcard. The Settlement Administrator will also establish a toll-free IVR

23  telephone line for Class Members to call for answers to FAQs. (*Id.* ¶3.03.03.) Class Counsel's

24  contact information will be provided to Class Members for live assistance. (*Id.*)

25       **B.**     **Distribution of the Settlement Fund**

26       After deducting court-approved attorneys' fees and costs, service award, and settlement

27  administration expenses, the remainder of the Settlement Fund will be used to make *pro rata*

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

payments to Class Members who file valid claims. (SA § IV.) If any checks remain uncashed after the first distribution, the remaining amounts will be redistributed on a *pro rata* basis to those Settlement Class Members who successfully received their initial payments, if feasible. (*Id.* ¶4.07.) Any amounts remaining after distribution will be sent to the parties' agreed *cy pres* recipient: the Legal Foundation of Washington. (*Id.*)

To be eligible for a settlement payment, Settlement Class Members must submit a valid and timely Claim Form via the Settlement Website or mail. (*Id.* ¶4.04.) The Claim Form requires a straightforward attestation that the Class member (1) received one or more Cash App "Invite Friends" text messages on a telephone number to be provided on the Claim Form, (2) owns or regularly uses that same telephone number, (3) was a Washington resident at the time they received the text message, and (4) did not clearly and affirmatively consent in advance to receive the text message. (*Id.* ¶4.04.01.)

As will be detailed in a separate motion, Bottoms will request up to $10,000 from the Settlement Fund as a Class Representative service award. (*Id.* ¶1.16.) Class Counsel will also request that the Court approve for distribution from the Settlement Fund reasonable attorneys' fees of up to twenty-five percent of the Settlement Fund and reimbursement for documented out-of-pocket expenses, currently estimated to be approximately $41,133.36. (Murray Decl. ¶19; Drake Decl. ¶6.) Plaintiff's motion for attorneys' fees and costs and service award will be filed at least thirty days before the deadline for claims, opt outs, and objections, and the motion papers will be posted on the Settlement Website for Class Members to review within twenty-four hours of filing. (SA ¶3.03.02.) Approval of the Settlement Agreement does not depend on the full amount of any requested fees, costs, or service award being approved, and there is no clear sailing provision in the SA. The parties will also request that settlement administration expenses be paid from the common fund. (*Id.* ¶2.02.) Currently, those expenses are estimated to be between $590,000 and $610,000. (Admin. Decl. ¶23.)

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

### C.      Opt-Outs and Objections

2      The proposed Notices inform Settlement Class Members of their right to opt-out of or

3  object to the settlement, provide instructions on how to do so, and contain the associated deadlines.

4  (SA, Exs. A-F.) Settlement Class Members who choose to opt-out or object must, by the Opt-Out

5  and Objection Deadline, submit an appropriate written statement to the Settlement Administrator.

6  (*Id.* ¶3.04.) Any objections must state the basis for the objection and, if the objecting Settlement

7  Class member is represented by counsel, counsel's contact information, whether they intend to

8  appear at the hearing, and if they intend to request fees. (*Id.* ¶3.04.02.)

9

### IV.      ARGUMENT

10      A district court should direct notice of a proposed settlement to class members who would

11  be bound by it if the parties show the court is likely to approve the proposed settlement and certify

12  the class for judgment purposes. Fed. R. Civ. P. 23(e)(1). Notice of the proposed settlement is

13  warranted here.

14

### A.      The Settlement Class Should be Certified for Settlement Purposes.

15      The Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23 for

16  settlement purposes. Rule 23(a) requires a proposed class meet thresholds of numerosity,

17  commonality, typicality, and adequacy. Rule 23(b)(3) requires Plaintiff to establish "that the

18  questions of law or fact common to Class members predominate over any questions affecting only

19  individual members, and that a class action is superior to other available methods for fairly and

20  efficiently adjudicating the controversy." "[T]he aspects of Rule 23(a) and (b) that are important

21  to certifying a settlement class are 'those designed to protect absentees by blocking unwarranted

22  or overbroad class definitions.'" *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th

23  Cir. 2019) (citation omitted). "The focus is on whether a proposed class has sufficient unity so that

24  absent members can fairly be bound by decisions of class representatives." *Id.* (citation omitted).

25      1.      <u>Numerosity</u>

26      "[G]enerally, courts will find that the numerosity requirement has been satisfied when the

27  class compromises 40 or more members." *McCluskey v. Trs. Of Red Dot Corp. Emp. Stock*

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 6
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  *Ownership Plan & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010). Defendant's data shows its

2  users sent 1,975,187 unique phone numbers with Washington area codes Invite Friends text

3  messages. Even if there are individuals who own multiple numbers on this list, the Settlement

4  Class numbers in the hundreds of thousands. (Murray Decl. ¶20.) Numerosity is easily met.

5           2.    Commonality

6           The Settlement Class also satisfies the commonality requirement, which requires that Class

7  members' claims "depend upon a common contention," of such a nature that "determination of its

8  truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke."

9  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, there are several questions of law

10  and fact common to the Settlement Class Members, including, for example, whether Defendant

11  assisted in the transmission of the unsolicited text messages in relation to the Cash App referral

12  program and whether that assistance established the elements of a claim under the CEMA.

13  Common questions such as these are often certified in consumer class actions. *See, e.g.*, *Moore, et*

14  *al. v Robinhood Financial, LLC*, No. 2:21-cv-01571-BJR (W.D. Wash. July 16, 2024) (ECF No.

15  108) (whether defendant assisted in the transmission of unsolicited text messages satisfied

16  commonality for settlement purposes in CEMA case); *Williams v. PillPack LLC*, 343 F.R.D. 201,

17  211 (W.D. Wash. 2022) (finding that questions of vicarious liability satisfied commonality); *Booth*

18  *v. Appstack, Inc.*, 2015 WL 1466247, *8 (W.D. Wash. Mar. 30, 2015) (commonality in TCPA case

19  satisfied where defendant used the same mechanism to play messages for Class members);

20  *Ikuseghan v. Multicare Health Sys.*, 2015 WL 4600818, *6 (W.D. Wash. July 29, 2015)

21  (commonality found in TCPA case where automated dialing system used by defendant was the

22  same for all Class members); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D.

23  Nev. 2014) (questions of TCPA liability satisfied commonality).

24           3.    Typicality

25           "[R]epresentative claims are typical if they are reasonably co-extensive with those of

26  absent Class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150

27  F.3d 1011, 1020 (9th Cir. 1998); *see also Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Wash. 2003). "Typicality refers to the nature of the claim or defense of the class representative,

2    and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataprods. Corp.*,

3    976 F.2d 497, 508 (9th Cir. 1992). Plaintiff's claims are typical of the Settlement Class as they

4    arise from the same course of alleged conduct: Defendant's processes and procedures for

5    encouraging and enabling Cash App users to send unsolicited commercial text messages to

6    Washington residents. *See, e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 569 (W.D. Wash.

7    2012) (finding typicality satisfied where plaintiff's claims, "like all Class members' claims, [arose]

8    from text marketing campaigns commissioned by Papa John's franchisees and executed by the

9    same marketing vendor"); *Whitaker v. Bennett Law, PLLC*, 2014 WL 5454398, *5 (S.D. Cal. Oct.

10   27, 2014) (typicality satisfied where each Class member's claim "revolve[d] exclusively around

11   [the defendant's] conduct as it specifically relate[d] to the alleged violations of the TCPA").

12            4.    Adequacy

13           Adequacy requires the representative of a class to provide fair and adequate representation

14   of the class. Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately

15   represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel

16   have any conflicts of interest with other Class members and (2) will the named plaintiffs and their

17   counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*,

18   657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150 F.3d at 1020).

19           Both of these requirements are met here. Plaintiff retained counsel with significant

20   expertise in complex consumer class actions who have and will continue to vigorously prosecute

21   this action on behalf of the class. (Murray Decl. ¶¶2–9; Drake Decl. ¶¶8–18.) And Bottoms has

22   also adequately represented the Settlement Class by being engaged in this litigation for more than

23   one and a half years, communicating with her Counsel throughout, actively participating in

24   discovery (including by preparing and sitting for a deposition), reviewing and approving the

25   Settlement Agreement, and continuously putting the interests of the Settlement Class first. (Murray

26   Decl. ¶24.) Plaintiff and her counsel have no conflicts with the Settlement Class, as they have the

27   same interests as Settlement Class Members in negotiating the largest possible settlement fund to

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 8
CASE NO. 2:23-cv-01969-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  maximize the *pro rata* payments from the Settlement Fund. Accordingly, Plaintiff and her Counsel

2  are adequate.

3          5.    Predominance

4      In addition to the Rule 23(a) considerations, Rule 23(b)(3) looks whether common

5  questions of law and fact predominate over any individual questions. In analyzing this factor, the

6  inquiry is "whether proposed classes are sufficiently cohesive to warrant adjudication by

7  representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 622 (1997). The focus is "on the

8  relationship between the common and individual issues. When common questions present a

9  significant aspect of the case and they can be resolved for all members of the class in a single

10  adjudication, there is clear justification for handling the dispute on a representative rather than on

11  an individual basis." *Hanlon*, 150 F.3d at 1022 (citations and quotations omitted). In the context

12  of certification of a settlement class in particular, predominance is "readily met" where "Class

13  members were exposed to uniform…misrepresentations and suffered identical injuries within only

14  a small range of damages." *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 559.

15      Plaintiff alleges Settlement Class Members were all damaged by Defendant's uniform

16  alleged conduct throughout the class period. Because Block engaged in a standard practice,

17  determining whether it assisted in the transmission of unsolicited commercial texts to

18  Washingtonians' cell phones violated Washington law, would be tried with predominantly

19  common evidence focusing on Block's conduct and knowledge. In addition, the damages available

20  to Settlement Class Members are set by the CEMA and CPA. Predominance is therefore satisfied.

21          6.    Superiority

22      Rule 23(b)(3) also looks at whether a "class action is superior to other available methods

23  for the fair and efficient adjudication of the controversy." Because the claims are being certified

24  for purposes of settlement, there are no issues with manageability. *Amchem,* 521 U.S. at 620

25  ("Confronted with a request for settlement-only certification, a district court need not inquire

26  whether the case, if tried, would present intractable management problems … for the proposal is

27  that there be no trial."). Resolving thousands of claims in one action is far superior to individual

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  lawsuits and promotes consistency and efficiency of adjudication. *See id.* at 617 (noting the "policy

2  at the very core of the class action mechanism is to overcome the problem that small recoveries do

3  not provide the incentive for any individual to bring a solo action prosecuting his or her rights").

4  In this case, where the value of each claim is too small to justify individual lawsuits, a class action

5  is clearly superior.

6       Certification for purposes of settlement is appropriate.

7      **B.**    **The Settlement Should Be Preliminarily Approved**

8       The court's role at the preliminary approval stage is to ensure that "the agreement is not

9  the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the

10  settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d

11  at 1027 (citation omitted); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944

12  (9th Cir. 2015).

13       Under the 2018 amendments to Federal Rule of Civil Procedure 23(e)(2), a district court

14  considers whether (A) the class representatives and their counsel have adequately represented the

15  class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is

16  adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness

17  of any proposed method of distributing relief including the method of processing Class member

18  claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of

19  payment; (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with

20  the proposed settlement; and (v) the proposal treats Class members equitably relative to each other.

21  Fed. R. Civ. P. 23(e)(2). These factors are similar to those long considered by the Ninth Circuit,

22  including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration

23  of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount

24  offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6)

25  the experience and views of counsel; (7) the presence of a governmental participant; and (8) the

26  reaction of the Class members to the proposed settlement. *See In re Bluetooth Headset Prod. Liab.*

27  *Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

---

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:23-cv-01969-MJP

Plaintiff will address the factors outlined by Rule 23(e)(2) and the Ninth Circuit, many of which overlap.

1.    The Settlement is the Result of Arm's-Length Non-Collusive Negotiations

Rule 23(e)(2)(B) requires the court to consider whether the settlement was negotiated at arm's length. "Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Randall v. Integrated Commc'n Serv.*, 2023 WL 5743133 at *4 (W.D. Wash. Sept. 6, 2023) ("A proposed class settlement is presumptively fair when reached after meaningful discovery, arm's length negotiation, and conducted by capable, experienced counsel.  The involvement of an experienced mediator also supports a finding of fairness.").

The parties negotiated the settlement following a full day, in-person mediation with a third-party neutral mediator, Jill R. Sperber of Judicate West, who facilitated subsequent arms-length discussions through highly experienced counsel. *See* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests"). By the time the case settled, the parties had conducted substantial factual investigation, motion practice, and adversarial discovery. While this litigation settled at a relatively early stage, the discovery, dispositive motion briefing, and detailed mediation statements exchanged by the parties allowed them to thoroughly vet the claims, adequately assess the strengths and weaknesses of their positions, and balance the benefits of settlement against the risks of further litigation.

The parties were represented by competent counsel throughout litigation and settlement negotiations. Counsel's years of experience in the realm of complex consumer class actions, combined with the solid understanding of the facts and law of the case, support approval of the settlement reached. *See Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("The trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties.") (citation omitted); *Romero v. Securus Tech., Inc.*, 2020 WL 3250599, *6 (S.D.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 11
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Cal. June 16, 2020) (finding class counsel's "extensive experience in complex litigation and class
2  actions" to support preliminary approval).

3        The Settlement Agreement itself contains none of the provisions often considered to be
4  "red flags" suggesting that Plaintiff's Counsel allowed their own self-interest to influence
5  settlement negotiations—such as counsel receiving a disproportionate distribution of the
6  settlement; the parties negotiating a "clear sailing" arrangement; or the parties creating a reverter
7  that returns unclaimed funds to the defendant. *See In re Hyundai and Kia Fuel Econ. Litig.*, 926
8  F.3d at 569 (discussing typical signs of collusion that arise in class settlements). Indeed, because
9  Class Counsel will be paid from the same Settlement Fund as Settlement Class Members, they
10 were incentivized to negotiate the largest fund possible, and the Court has ultimate discretion over
11 the amount of the attorneys' fee award after reviewing Counsel's motion.

12            2.    The Relief Is Appropriate Considering the Strengths of Plaintiff's Case
13                  and the Risks of Further Litigation

14       Plaintiff achieved an excellent result on behalf of the Settlement Class by obtaining a
15 $12,500,000 settlement from Defendant to resolve Plaintiff's and Settlement Class Members'
16 claims. The Settlement Fund will be used to pay the costs of notice and settlement administration
17 (estimated at no more than $619,500), attorneys' fees ($3,125,000), out-of-pocket litigation costs
18 ($41,133.36), and a service award to Bottoms ($10,000). Should the requested amounts be
19 approved by the Court, the remainder of the Fund (approximately $8,704,366.64) will be
20 distributed *pro rata* to Settlement Class Members who timely file a Claim Form. While claims
21 rates are notoriously difficult to estimate, if the requested amounts are awarded and the claims rate
22 is between three and five percent of class members, the per claimant payment would be between
23 $88 and $147, or between seventeen and twenty-nine percent of the $500 statutory damages per
24 CEMA violation, excluding the possibility of treble damages.

25       This result takes into account unique litigation risks that factored into the settlement in this
26 case and that distinguish it from *Robinhood*, all of which revolve around the issue of consent.
27 Block informed Plaintiff that it intended to survey text message recipients in order to obtain

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 12
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  evidence that some individuals consented in advance to receive Invite Friends text messages.
2  Block contended that, because of the nature of the app, which allows person-to-person payments,
3  it was likely that many individuals were together at the time the Invite Friends invitation was sent.
4  Block argued, for example, that if friends were splitting a check for a meal, one friend may have
5  asked the other to send payment using Cash App and subsequently sought permission to send an
6  invitation, in real time, in order to facilitate an immediate transaction. Moreover, prior to Plaintiff
7  filing suit in this case, Block modified its Invite Friends feature to require Cash App users to
8  confirm that the recipient of the text message consented to receive texts from the user prior to
9  initiating an Invite Friends text to an individual with a Washington area code. This raised an
10  additional issue as to the adequacy of this notification and a potential limit on Block's liability.
11  While Plaintiff was confident that the results of the survey would support her theory of the case,
12  the risk that the survey would raise consent issues capable of defeating the class claims was a
13  consideration in reaching this settlement.

14      In light of these unique risks, this result compares favorably to other settlements involving
15  CEMA claims. The approved settlement in *Moore v. Robinhood Financial LLC* serves as a useful
16  comparator. In that case, Plaintiffs also alleged violations of CEMA and the CPA under a similar
17  referral program. That settlement created a $9 million settlement fund, and the resulting individual
18  *pro rata* awards were $187 each. Here, with an estimated claims rate of three percent of 1,975,187
19  potential Settlement Class Members, awards would be $147 per claimant, which is substantially
20  similar. Given the additional risk to the Class's claims imposed by Block's change to the Invite
21  Friends feature in the Cash App mobile app prior to the filing of the Complaint, which Block would
22  contend obviates its liability, this represents an excellent result for the Settlement Class. A review
23  of other CEMA settlements further confirms that the result achieved here is excellent and is similar
24  to the amount class members have received in those cases. *See, e.g.*, *Gragg v. Orange Cab Co.,*
25  *Inc.*, No. 12-cv-00576-RSL (W.D. Wash. 2019) ($48 per claimant plus $12 voucher for all
26  identifiable class members); *Wright v. Lyft, Inc.*, No. 14-cv-00421-BJR (W.D. Wash. 2019)
27  (payments of up to $132 per class member based on circumstances).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 13
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     While Plaintiff is confident in the strength of her case, she is also pragmatic about the risks

2  inherent in the remaining phases of litigation. At the time of settlement, there remained a ruling on

3  Block's motion for summary judgment on Plaintiff's individual claims, class-wide discovery,

4  Plaintiff's motion for class certification, expert discovery, trial, and possibly appeals. Litigating

5  this case to trial and through any appeals would be expensive, time-consuming, and risky. The

6  settlement, by contrast, provides prompt and certain relief for Settlement Class Members. *See*

7  *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop.*

8  *v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries

9  of litigation and compare the significance of immediate recovery by way of the compromise to the

10  mere possibility of relief in the future, after protracted and expensive litigation.") (citation

11  omitted); *see also Noll v. eBay, Inc.*, 309 F.R.D. 593, 606 (N.D. Cal. 2015) ("Immediate receipt of

12  money through settlement, even if lower than what could potentially be achieved through ultimate

13  success on the merits, has value to a class, especially when compared to risky and costly continued

14  litigation.").

15               3.     The Settlement Will Be Fairly Distributed

16     The method for distributing the Settlement Fund on a *pro rata* basis to Settlement Class

17  Members who submit timely and valid Claim Forms is reasonable and equitable. First, the parties

18  have agreed to a notice program that is designed to maximize the claims rate by sending individual

19  notice where possible, utilizing online publication notice, and sending two reminder notices before

20  the end of the claims period. Second, to file a claim, Settlement Class Members need only complete

21  a Claim Form attesting to the factors for Class membership and providing the phone number at

22  which the unsolicited text message(s) was received.

23     The process described above is appropriate based on the available data, which reflects the

24  phone numbers of the majority of Settlement Class Members, but cannot be used to verify all

25  claims. *See, e.g.*, *Fitzhenry-Russell v. Coca-Cola Co.*, 2019 WL 11557486, *7 (N.D. Cal. Oct. 3,

26  2019) ("[T]he Court concludes that the distribution method and claims process is reasonable. Class

27  members who seek benefits under the Settlement must only submit a relatively simple claim form

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 14
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

with basic questions about Class membership. The process would be no different than that required after trial, as Defendant [ ] has no means of directly identifying [ ] Class members."); *see also In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, *12 (S.D.N.Y. Nov. 12, 2004) (requiring claim form was "important in helping to insure that the settlement fund is distributed to Class members who deserve to recover from the fund").

Plaintiff intends to request Court approval of a service award of $10,000. The Ninth Circuit views these types of awards as "intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD Rental Antitrust Litig.*, 779 F.3d at 943 (internal quotation omitted). The factors courts consider include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and any risk the class representative assumed. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Bottoms dedicated significant time assisting Counsel in this case, including by providing written discovery responses, locating and producing documents, and sitting for a deposition. Bottoms also assisted in the settlement process by authorizing the settlement in principle and reviewing and executing the Settlement Agreement. An award of $10,000 is reasonable and in line with awards approved by courts in this District. *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (collecting cases approving awards ranging from $5,000 to $40,000); *Robinhood*, No. 2:21-cv-01571-BJR (W.D. Wash. July 16, 2024) (ECF No. 108) (approving $10,000 service awards for each plaintiff). Plaintiff will further support her request in her forthcoming motion for attorneys' fees, costs, and service award.

No agreements have been made in connection with the proposed settlement other than the Settlement Agreement and the Settlement Terms Sheet outlining the essential settlement terms on which the Settlement Agreement was based. *See* Fed. R. Civ. P. 23(e)(3).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 15
CASE NO. 2:23-cv-01969-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1              4.      The Settlement Has No Obvious Deficiencies

2      There are no obvious deficiencies in the Settlement Agreement. *See In re Bluetooth*, 654

3  F.3d at 947. The only contemplated deductions from the Settlement Fund are Plaintiff's service

4  award, twenty-five percent for attorneys' fees, and reimbursement of out-of-pocket expenses of

5  Class Counsel and the Settlement Administrator. All of these requests will require judicial

6  approval, and the settlement does not depend on approval of the requested amounts. After these

7  amounts, as approved by the Court, are paid, the remainder of the Settlement Fund will be paid

8  out to eligible Settlement Class Members in equal shares, and there is no reversion of any funds to

9  Defendant. These circumstances support approval here. *Moorer v. StemGenex Med. Grp., Inc.*,

10  2021 WL 4993054, *5 (S.D. Cal. Oct. 26, 2021) (finding no deficiencies in settlement where

11  common fund would be used to pay the administrator, service awards, class counsel's fees and

12  costs, and then equal shares to Class members).

13      Plaintiff's Counsel will file a motion for attorneys' fees and costs addressing the factors

14  courts consider when awarding attorneys' fees in class action cases. The motion will also detail

15  the costs incurred. The motion will be filed at least thirty days before the deadline for opt-outs and

16  objections and will be posted on the Settlement Website. Fed. R. Civ. P. 23(h); *In re Mercury*

17  *Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

18      Additionally, the scope of the Settlement Class Members' release of claims is appropriately

19  tailored to the facts giving rise to the claims asserted in this case: the receipt of unsolicited

20  commercial text messages regarding Cash App's Invite Friends referral program.

21              5.      The Reaction of the Settlement Class to the Proposed Settlement.

22      Settlement Class Members have not had an opportunity to react to the proposed

23  settlement because notice has not yet been sent. Plaintiff will address Settlement Class Members'

24  reaction in her motion for final settlement approval.

25  **C.    The Notice Plan Complies with Fed. R. Civ. P. 23(e) and Due Process**

26      Class members are entitled to the "best notice that is practicable under the circumstances"

27  of any proposed settlement before it is finally approved by the court. Fed. R. Civ. P. 23(c)(2)(B).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 16
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Under Rule 23(c)(2)(B) "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem*, 521 U.S. at 617. The notice must state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B); *see also In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d at 567 ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'") (citation omitted).

The proposed Notices meet all the requirements of Rule 23(c)(2)(B) by advising Settlement Class Members of the nature of the claims involved in the case; the essential terms of the settlement, including the definition of the Settlement Class, the rights of Settlement Class Members to participate in the settlement, request exclusion from the Settlement Class, object to the settlement, or appear at the Final Approval Hearing, the associated deadlines for exercising these rights, as well as the procedural requirements for doing so; and the time and place of the Final Approval Hearing. (SA, Exs. A-F.) The Notices provide details on what is required for a valid claim and direct Class Members to the Settlement Website where they can submit a claim online. (*Id.* ¶4.04.) Thus, the Notices provide the necessary information for Settlement Class Members to make an informed decision regarding the proposed settlement.

The parties have also developed a plan for the best notice practicable under the circumstances. The administrator will attempt to send direct notice to all potential Settlement Class Members with phone numbers containing Washington area codes who have a mailing and/or email address in Defendant's data. (SA ¶3.03.) The Settlement Administrator will obtain additional email and mailing addresses by conducting reverse lookups. (Admin. Decl. ¶11.) This direct notice

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 17
CASE NO. 2:23-cv-01969-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    campaign will be supplemented with an online publication notice campaign that will provide

2    broader notice to potential Settlement Class Members who may not receive direct notice (for

3    example, because those Settlement Class Members do not have a Washington area code despite

4    living in Washington at the time they received the text message(s) at issue). (*Id*. ¶15.) This notice

5    plan and the forms of Notice are reasonably calculated to provide Settlement Class Members with

6    adequate notice as required by Fed. R. Civ. P. 23. *See*, *e.g.*, *Ohring v. UniSea, Inc.*, 2023 WL

7    7413046, *5 (W.D. Wash. Nov. 9, 2023) (approving notice plan where Class members would

8    receive notice via mail and/or email, depending on contact information available); *In re Wash.*

9    *Mut. Mortg. Backed Secs. Litig.*, 2013 WL 12155026, *1 (W.D. Wash. Jan. 11, 2013) (finding

10   notice "due and adequate" where it was distributed via mail, publication, and settlement website).

## V.    CONCLUSION

12   For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order,

13   substantially in the form of the proposed Preliminary Approval Order: (i) conditionally certifying

14   the Settlement Class, (ii) appointing Plaintiff Kimberly Bottoms as Class Representative, and

15   Plaintiff's Counsel as Class Counsel; (iii) preliminarily approving the proposed settlement as fair,

16   reasonable, and adequate; (iv) appointing EAG as Settlement Administrator; (v) approving the

17   form and manner of notice and directing that notice be distributed to the Settlement Class; and (vi)

18   scheduling a Final Approval Hearing.

19

20   RESPECTFULLY SUBMITTED AND DATED this 30th day of June, 2025

21   TERRELL MARSHALL LAW GROUP PLLC

22   *I certify that this memorandum contains 6,382*
     *words, in compliance with this Court's order at*
23   *ECF No. 86.*

24   By: /s/Beth E. Terrell, WSBA #26759

25   Beth E. Terrell, WSBA #26759
     Email: bterrell@terrellmarshall.com
26   Jennifer Rust Murray, WSBA #36983
     Email: jmurray@terrellmarshall.com
27   Eden B. Nordby, WSBA #58654

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 18
CASE NO. 2:23-cv-01969-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Email: enordby@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Sophia M. Rios, *Admitted Pro Hac Vice*
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, California 91942
Telephone: (619) 489-0300

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5933

Colleen Fewer, *Admitted Pro Hac Vice*
Email: cfewer@bm.net
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 376-2097

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 19
CASE NO. 2:23-cv-01969-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com