THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),

Defendant.

NO. 2:23-cv-01969-MJP

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO CLASS MEMBERS**

The Settlement Agreement has been filed with the Court (ECF No. 93-1) and the definitions and terms set forth in the Settlement Agreement are incorporated herein by reference. The Court, having reviewed the Settlement Agreement entered by Plaintiff Kimberly Bottoms ("Plaintiff" or "Class Representative") and Defendant Block, Inc. (F/K/A, Square Inc.) (D/B/A Cash App) ("Defendant" or "Block") (collectively, the "Parties"), hereby Orders that:

1. The Court has considered the proposed settlement of the claims asserted under the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"), by a class of consumers defined as follows (the "Settlement Class"): All persons who received a Cash App referral program text message, and who were Washington residents at the time of the receipt of such text message, between and including November 14, 2019 and the latest date Block pulls data to provide to the Settlement Administrator identifying the phone numbers with Washington area codes to which Invite Friends texts were initiated. Persons who clearly and affirmatively consented in advance to receive Cash App referral program text messages are excluded from the class. The Settlement Class does not include Defendant, any

entity that has a controlling interest in Defendant, and Defendant's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from it.

2. The Settlement Agreement entered between the Parties (ECF No. 93-1), appears, upon preliminary review, to be fair, reasonable, and adequate to members of the Settlement Class ("Settlement Class Members"). Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a) The Settlement Class is estimated to contain more than 1,000,000 Class Members and is sufficiently numerous;

(b) The claims of the Class Representative are typical of those of the other Settlement Class Members;

(c) There are questions of fact and law that are common to all Settlement Class Members; and

(d) The Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) a class action settlement is superior to other available means for the fair and efficient adjudication of this controversy; and (2) for purposes of settlement, questions of fact and law common to Settlement Class Members predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before Final Approval, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared,

and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6. <u>As agreed by the Parties in the Settlement Agreement, upon entry of this Order,</u> each member of the Settlement Class (including anyone claiming by or through them) shall be barred from initiating, asserting, or prosecuting against Defendant any claim that would be released by operation of the Settlement Agreement if the Final Order and Judgment is entered. Such claims shall be tolled until the Court determines whether or not to enter the Final Order and Judgment. If the Final Order and Judgment is not entered for any reason, there will be no release and the Settlement Class Members will be permitted to bring claims otherwise barred by operation of this provision.

7. The Court appoints Kimberly Bottoms as the Class Representative for the Settlement Class. The Court also appoints Beth E. Terrell and Jennifer Rust Murray of Terrell Marshall Law Group PLLC and E. Michelle Drake and Sophia M. Rios of Berger Montague PC, as counsel for the Settlement Class ("Class Counsel").

8. The Court appoints Eisner Advisory Group, LLC ("EAG") as the Settlement Administrator.

9. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on December 2, 2025 at the United States District Court for the Western District of Washington, Courtroom 14206, 700 Stewart Street, Suite 8230, Seattle, WA 98101, at 10:00 a.m. for the following purposes:

   (a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

   (b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

          (c)        To consider the application of Class Counsel for an award of attorney's fees, costs, and expenses, and for service award to the Class Representative; and

          (d)        To rule upon other such matters as the Court may deem appropriate.

10. As is provided in Paragraph 2.03 of the Settlement Agreement, Defendant and Settlement Administrator shall exchange Settlement Class Member Data, and Settlement Administrator shall send the agreed upon Notices to the Settlement Class Members in accordance with the notice plan set forth in the Settlement Agreement. The Court also approves the Parties' Notices, which are attached to the Settlement Agreement. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Classes, they may make such changes without further application to the Court.

11. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, including its use of individual notice to all Settlement Class Members who can be identified with the available data and reasonable effort, and shall constitute due and sufficient notice to all persons entitled thereto.

12. If a Settlement Class Member chooses to opt out of the Settlement Class, such class member is required to submit a Request for Exclusion to the Settlement Administrator, emailed postmarked on or before the date specified in the Notice, which shall be ninety (90) calendar days from the date this Order is entered (the "Opt Out & Objections Deadline"). The Request for Exclusion must include the items identified in the Settlement Agreement pertaining to such requests. Each written request for exclusion must be signed by the individual seeking exclusion, submitted by the Settlement Class Member, and may only request exclusion for that one individual.  No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion on behalf of any other person within the Settlement Class.  "Mass" or "class" exclusion requests shall not be permitted.

A Settlement Class Member who submits a valid and timely Request for Exclusion using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. No later than twenty-eight (28) days after the Opt Out & Objections Deadline, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

13. A Settlement Class Member who does not file a timely Request for Exclusion, or otherwise does not follow the procedure described in the Settlement Agreement, shall be bound by all subsequent proceedings, orders, and judgments in this action pertaining to the Settlement Class.

14. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must submit a written notice of Objection to the Settlement Administrator emailed or postmarked no later than the Opt Out & Objections Deadline.

15. As set forth in the Settlement Agreement, the Objection must include the following: (1) the Settlement Class Member's full name, address, and current telephone number; (2) an explanation of the basis for their contention that they are a Settlement Class Member including the cellular telephone numbers on which they received a CashApp referral text message; (3) if the individual is represented by counsel, the name and telephone number of counsel, whether counsel intends to submit a request for fees, and all factual and legal support for that request; (4) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5) the identity of any witnesses the objector may call to testify; (6) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; (7) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel; and (8) signed by the objector (the objector's attorney's signature is not sufficient).

ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND DIRECTING NOTICE TO CLASS
MEMBERS - 5
CASE NO. 2:23-cv-01969-MJP

16. Any Settlement Class Member who fails to timely serve a written Objection pursuant to the terms of Settlement Agreement shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means. Any Settlement Class Member who submits an Objection is subject to having their deposition taken prior to the Final Approval Hearing. A Settlement Class Member may withdraw an Objection by communicating such withdrawal in writing to Class Counsel.

17. The Court approves the claims procedures set forth in the Settlement Agreement. A valid Claim Form, as defined in the Settlement Agreement, must be submitted as required in the Claim Form online or postmarked no later than ninety (90) calendar days after the date of this order.

18. All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to the Class Representative and in support of Class Counsel's application for fees, costs and expenses, shall be filed with the Court no later than thirty (30) days prior to the Opt Out & Objections Deadline.

19. Any other briefs, memoranda, petitions, or affidavits that Class Counsel intends to file in support of final approval shall be filed not later than thirty (30) days after the Opt Out & Objections Deadline.  Notwithstanding the foregoing, Class Counsel may submit declarations from the Settlement Administrator regarding any updates in information regarding notice, claims, and opt-outs no later than fourteen (14) days prior to the Final Approval Hearing.

20. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position,

or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Defendant.

21. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement. Pending final determination of whether the settlement should be approved, Class Representative, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

**IT IS SO ORDERED**.

Dated: July 29, 2025

Marsha J. Pechman
United States District Judge