THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),<br><br>Defendant. | NO. 2:23-cv-01969-JHC<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>**NOTED FOR CONSIDERATION:**<br>DECEMBER 2, 2025 AT 10:00 A.M. |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .................................................................................................. 1

    A. The parties engaged in targeted discovery and briefed dispositive motions ....................................................................................................... 2

    B. The parties negotiated a settlement that provides significant monetary relief ...................................................................................................... 2

    C. Plaintiff advanced the Class's interests by actively participating in the litigation ................................................................................................. 3

III. ARGUMENT ....................................................................................................... 4

    A. The percentage-of-recovery method is appropriate for determining a reasonable attorneys' fee in this case ................................................. 4

        1. A fee of 25% of the Settlement Fund will fairly compensate Class Counsel for their work on behalf of the Settlement Class ................ 5

            a. Class Counsel achieved an excellent settlement for the Class ......................................................................................... 5

            b. Class Counsel litigated on a contingency basis and assumed significant risk of no recovery ........................................ 6

            c. Class Counsel's demonstrated skill and work quality. .................... 7

            d. Awards in similar cases show the requested fee is reasonable ................................................................................ 8

        2. A lodestar crosscheck confirms the requested fee is reasonable ............... 8

    B. Class Counsel's litigation costs were necessarily and reasonably incurred ................................................................................................ 11

    C. Plaintiff's requested service award should be approved ...................... 11

IV. CONCLUSION .................................................................................................. 12

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - i
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

PAGE(s)

## FEDERAL CASES

*Chery v. Tegria Holdings LLC*,
  2024 WL 5009036, (W.D. Wash. Dec. 6, 2024) .................................................................. 9

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
  2016 WL 1375838, (C.D. Cal. Apr. 4, 2016) ................................................................... 11

*Craft v. Cnty. Of San Bernardino*,
  624 F. Supp. 2d 1113 (C.D. Cal. 2008) .......................................................................... 9

*Davis v Symetra Life Ins. Co.*,
  2025 WL 1434727 (W.D. Wash. May 19, 2025) ............................................................ 10

*Dunne v. Quantum Residential Inc.*,
  2025 WL 896741 (W.D. Wash. Mar. 24, 2025) .............................................................. 10

*Farrell v. Bank of Am.*,
  827 F. App'x 628 (9th Cir. 2020) .................................................................................... 8

*Ferrando v. Zynga Inc.*,
  2022 WL 17741841 (W.D. Wash. Dec. 1, 2022) ............................................................. 8

*Ginzkey v. Nat'l Sec. Corp.*,
  2022 WL 16699092 (W.D. Wash. Nov. 3, 2022) ............................................................. 5

*Glass v. UBS Fin. Servs.*,
  331 F. App'x 452 (9th Cir. 2009) .................................................................................... 8

*Gonzalez v. City of Maywood*,
  729 F.3d 1196 (9th Cir. 2013) ......................................................................................... 9

*Gragg v. Orange Cab Co., Inc.*,
  No. 12-cv-00576-RSL (W.D. Wash. 2019) ..................................................................... 6

*Harris v. Marhoefer*,
  24 F.3d 16, 19 (9th Cir. 1994) ....................................................................................... 11

*Hopkins v. Stryker Sales Corp.*,
  2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ................................................................... 11

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ............................................................................. 4, 5, 8, 9

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - ii
CASE NO. 2:23-cv-01969-JHC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .................................................................................. 6, 11

*Jenson v. First Trust Corp.*,
    2008 WL 11338161 (C.D. Cal. June 9, 2008) ................................................................ 6

*Lloyd v. Navy Fed. Credit Union*,
    2019 WL 2269958 (S.D. Cal. May 28, 2019).................................................................. 9

*Lofton v. Verizon Wireless (VAW) LLC*,
    2016 WL 7985253 (N.D. Cal. May 27, 2016) ................................................................ 7

*Mannacio v. Sovereign Lending Group*,
    No. 3:22-cv-05498-TMC (W.D. Wash. Mar. 1, 2024) ...................................................... 8

*Montano v. Dep't of Health*,
    2025 WL 1437896 (W.D. Wash. May 19, 2025)............................................................ 9

*Moore v. Robinhood Financial LLC*,
    No. 2:21-cv-01571-BJR (W.D. Wash. 2024) ............................................................. 6, 8

*Morris v. FPI Mgmt., Inc.*,
    2022 WL 3013076 (E.D. Wash. Feb. 3, 2022) ......................................................... 9, 12

*Peterson v. BSH Home Appliances Corp.*,
    2024 WL 2978216 (W.D. Wash. June 13, 2024)........................................................... 10

*Radcliffe v. Experian Info. Solutions, Inc.*,
    715 F.3d 1157 (9th Cir. 2013) ....................................................................................... 11

*Randall v. Integrated Commc'n Servs.*,
    No. 3:20-cv-05438-DGE (W.D. Wash. Mar. 29, 2024) ................................................. 10

*Reed v. Light & Wonder, Inc.*,
    2022 WL 3348217 (W.D. Wash. Aug. 12, 2022) ............................................................ 8

*Reyes v. Experian Info. Sols., Inc.*,
    856 F. App'x 108 (9th Cir. 2021) ................................................................................... 9

*Rodriguez v. W. Publishing*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................................ 11

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
    2024 WL 1676754 (W.D. Wash. Apr. 18, 2024)............................................................. 8

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - iii
CASE NO. 2:23-cv-01969-JHC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Stanikzy v. Progressive Direct Ins. Co.*,
   2022 WL 1801671 (W.D. Wash. June 2, 2022) *aff'd*, 2023 WL 4837875
   (9th Cir. July 28, 2023) ........................................................................................... 9

*Steiner v. Am. Broad Co., Inc.*,
   248 F. App'x 780 (9th Cir. 2007) ............................................................................. 9

*Tuttle v. Audiophile Music Direct, Inc.*,
   2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) ..................................................... 12

*Veridian Credit Union v. Eddie Bauer LLC*,
   2019 WL 5536824 (W.D. Wash. Oct. 25, 2019) ...................................................... 12

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) .......................................................................... 4, 5, 8, 9

*Washburn v. Porsche Cars N. Am., Inc.*,
   2025 WL 1017983 (W.D. Wash. Apr. 4, 2025) ........................................................ 10

*Wilson v. Huuuge, Inc.*,
   2021 WL 512229 (W.D. Wash. Feb. 11, 2021) ........................................................ 12

**OTHER AUTHORITIES**

5 Newberg and Rubenstein on Class Actions (6th ed. June 2025 update) ................................. 12

William B. Rubenstein, *Why the Percentage Method?*,
   2 Class Action Attorney Fee Digest 93 (March 2008) ...................................................... 4

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - iv
CASE NO. 2:23-cv-01969-JHC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

## I.    INTRODUCTION

This proposed class action settlement provides a $12,500,000 Settlement Fund[1] for Settlement Class Members in exchange for their release of claims arising from their receipt of unsolicited commercial text messages through Cash App's "Invite Friends" referral program. The $12,500,000 all-cash, non-reversionary settlement is an excellent outcome for Settlement Class Members, who need only submit a simple claim form to receive an estimated payment of $88–$147, which represents 17–29% of the statutory damages allowed per violation of Washington's Commercial Electronic Mail Act, RCW 19.190, *et seq.* ("CEMA").

This result is consistent with other CEMA settlements and is noteworthy given it was achieved quickly—after only one-and-one-half years of litigation—and in the face of serious risk. Had the Court granted Defendant's motion for summary judgment, which was pending when the case settled, the Class would have received nothing.

The benefits for the Settlement Class could not have been achieved without Class Counsel's time, effort, and skill, and Plaintiff Kimberly Bottoms' dedication and active participation. Plaintiff requests the Court award Class Counsel attorneys' fees of $3,125,000, or 25% of the Settlement Fund, allow reimbursement of $41,133.36 in costs, and approve a $10,000 service award. These fees match the Ninth Circuit's benchmark and these expenses were necessary to secure the resolution of this litigation. The service award requested is comparable to those approved in other consumer class actions. Plaintiff respectfully requests the Court grant her motion.

## II.    BACKGROUND

Class Counsel litigated this case efficiently for a year and a half before settlement. Class Counsel investigated Plaintiff's claims, drafted the complaint, took written discovery, including third-party discovery, defeated Defendant's motion to dismiss, defended Plaintiff's deposition, and briefed Defendant's motion for summary judgment before negotiating the settlement.

---

[1] Unless otherwise defined, all capitalized terms have the same meaning in the Settlement Agreement, ECF 93-1.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 1
CASE NO. 2:23-cv-01969-JHC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**A.   The parties engaged in targeted discovery and briefed dispositive motions.**

Before filing Plaintiff's complaint in King County Superior Court, Class Counsel spent numerous hours investigating Plaintiff's claims that Block, Inc. violated CEMA and the Washington Consumer Protection Act by assisting in sending unsolicited advertising text messages to Washington residents through the "Invite Friends" referral program. ECF 1. Block removed the action to this Court (ECF 1), then moved to dismiss the complaint. ECF 12. After briefing the motion to dismiss (ECF 15, 16), the parties held a Rule 26(f) conference and exchanged initial disclosures. ECF 17. The parties then negotiated, and the Court entered, a Stipulated Protective Order. ECF 19, 20.

At the initial case management conference, the Court proposed bifurcated proceedings to test Plaintiff's individual claims through an early summary judgment motion before engaging in class-wide discovery. ECF 23. The Court also suggested the parties stipulate to certain facts to limit the scope of discovery in the initial phase. *Id.* On May 2, 2024, the Court denied Block's motion to dismiss, agreeing with Plaintiff's interpretations of CEMA. ECF 24.

With guidance provided by the Court's Orders, the parties commenced discovery related to Plaintiff's individual claims. Murray Decl. ¶4. Although the parties initially disagreed about the scope of discovery, they were able to resolve their disputes without Court intervention by conferring and exchanging detailed correspondence. *Id.* Class Counsel served and responded to interrogatories and requests for production, eventually producing hundreds of pages of documents. *Id.* ¶¶5-7. Class Counsel also reviewed thousands of pages of documents produced by Block and third parties. *Id.* Class Counsel defended Block's deposition of Plaintiff and participated in the deposition of the individual who sent Plaintiff referral texts. Class Counsel also issued subpoenas to several cell phone providers. *Id.* ¶¶6-9.

**B.   The parties negotiated a settlement that provides significant monetary relief.**

When the parties began settlement negotiations, they understood the strengths and weaknesses of their claims and defenses. They participated in an in-person, full-day mediation with Jill R. Sperber of Judicate West on March 18, 2025, exchanging detailed mediation

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 2
CASE NO. 2:23-cv-01969-JHC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

statements beforehand. Murray Decl. ¶11. While the parties did not settle that day, they continued negotiations through Ms. Sperber over the following weeks and reached an agreement on material terms of the settlement, which they memorialized in the Settlement Agreement ("SA"). *Id.* ¶12; ECF 93-1.

The settlement requires Block to establish a $12.5 million settlement fund to pay Settlement Class Members who submit a Claim Form and Court-approved attorneys' fees, litigation costs, and a service award for Plaintiff. SA ¶1.21. Each eligible Settlement Class Member who submits a timely, valid Claim Form will receive a pro rata distribution from the fund. SA ¶1.21. Class Counsel estimate that each claimant will receive $88–$147 (or approximately 17–29% of the amount of statutory damages allowed per CEMA violation) if approximately 3–5% of the 1,975,187 Settlement Class Members submit valid claims. Murray Decl. ¶17.

On July 29, the Court granted preliminary approval of the settlement and ordered settlement administrator EAG to implement the Notice program within thirty days. ECF 96. Class Counsel worked with Block and EAG to prepare the Email and Postcard Notice forms, Settlement Website, and digital Notices. Murray Decl. ¶13. On August 28, EAG commenced sending the Email Notice to Settlement Class Members for whom email addresses were available and activated the Settlement Website and online Claim Form submission portal. *Id*. EAG also sent Postcard Notices to Settlement Class Members whose Email Notices were undeliverable or for whom no email address was available. *Id.* Class Counsel has fielded dozens of phone calls from Settlement Class Members. *Id*. ¶14. Class Counsel will continue to work on this case through final approval and distribution of the Settlement Fund. *Id.* A detailed summary of the Notice program and claims process will be submitted before the Final Approval Hearing.

**C.     Plaintiff advanced the Class's interests by actively participating in the litigation.**

Plaintiff participated in every stage of the litigation, putting the interests of the Class ahead of her own. She responded to discovery and produced hundreds of pages of documents from her personal email, social media accounts, and text messages. She prepared for and sat for a

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 3
CASE NO. 2:23-cv-01969-JHC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

full-day deposition and was prepared to testify at trial. During the deposition, she was asked personal questions about her social media, the person who sent her a referral text, and her finances. Bottoms Decl. ¶¶8-9; Murray Decl. ¶18.

### III. ARGUMENT

**A.   The percentage-of-recovery method is appropriate for determining a reasonable attorneys' fee in this case.**

Courts in the Ninth Circuit may award attorneys' fees using either the percentage-of-the-fund or lodestar method. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002). The method a district court chooses to use, and its application of that method, must achieve a reasonable result. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

The percentage-of-the-fund method is an appropriate method for calculating fees when counsel's effort has created a common fund. *See, e.g., id.* ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *see also* William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action Attorney Fee Digest 93 (March 2008) ("[U]nder the percentage method, counsel has an interest in generating as large a recovery for the class as possible, as her fee increases with the class's take, while keeping her hours to the minimum necessary to do the job effectively.").[2] The lodestar method, by contrast, is typically used when the value of the class's recovery is difficult to determine. *See Bluetooth*, 654 F.3d at 941. The lodestar method has been criticized as encouraging lawyers to prolong the litigation and discourage early settlements that would benefit the class. *See Vizcaino*, 290 F.3d at 1050 n.5 (noting "that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement").

---

[2] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://billrubenstein.com/wp-content/uploads/2019/08/Rubenstein-_Mar08_column.pdf

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 4
CASE NO. 2:23-cv-01969-JHC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The percentage-of-the-fund method is appropriate for this case because the benefit to the Settlement Class is quantifiable. Class Counsel's efforts resulted in a $12,500,000 non-reversionary common fund. All cash in the Settlement Fund will be distributed to Settlement Class Members who submitted claims after deducting administration expenses, Court-approved fees, costs, and a service award. Using the percentage method in this case will recognize Class Counsel's efficiency and their efforts to achieve the highest possible recovery for the Settlement Class.

1. <u>A fee of 25% of the Settlement Fund will fairly compensate Class Counsel for their work on behalf of the Settlement Class.</u>

"Courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Bluetooth*, 654 F.3d at 942. Courts "weigh[ ] five factors in determining what constitutes a reasonable award under the percentage-of-recovery method: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases." *Ginzkey v. Nat'l Sec. Corp.,* 2022 WL 16699092, at *1 (W.D. Wash. Nov. 3, 2022) (citing *Vizcaino*, 290 F.3d at 1048-50).[3] Consideration of these factors supports a fee award of 25% of the Settlement Fund.

   a. *Class Counsel achieved an excellent settlement for the Class.*

The settlement is an excellent result for the Settlement Class. If the Court approves the requested notice and administration costs (not to exceed $619,500), attorneys' fees ($3,125,000), litigation costs ($41,133.36), and service award ($10,000), the remainder of the Fund (approximately $8,704,366.64) will be distributed pro rata to Settlement Class Members who

---

[3] Courts also consider the reaction of settlement class members to the requested fees, which Class Counsel will address in the memorandum they submit in support of final settlement approval.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 5
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

timely file a Claim Form. Assuming a claims rate of 3–5%,[4] the payment to each claimant will be $88–$147, or 17%–29% of Settlement Class Members' $500 statutory damages.

The settlement compares favorably to other settlements involving claims for unwanted telemarketing texts and calls, particularly given the unique risks of this case. *See, e.g., Moore v. Robinhood Financial LLC*, No. 2:21-cv-01571-BJR (W.D. Wash. 2024) ($187 per claimant); *Gragg v. Orange Cab Co., Inc.*, No. 12-cv-00576-RSL (W.D. Wash. 2019) ($48 per claimant plus $12 voucher for all identifiable class members). This factor weighs in favor of Class Counsel's fee request.

    b. *Class Counsel litigated on a contingency basis and assumed significant risk of no recovery.*

Class Counsel's fee request also reflects that the case was risky and handled on a contingency basis. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015); *see also Jenson v. First Trust Corp.*, 2008 WL 11338161, at *12 (C.D. Cal. June 9, 2008) ("Uncertainty that *any* recovery ultimately would be obtained is a highly relevant consideration. Indeed, the risks assumed by Counsel, particularly the risk of non-payment or reimbursement of expenses, are important to determining a proper fee award." (internal citation omitted)).

Class Counsel assumed significant burdens in litigating on a contingent basis, investing over 1,500 hours and $41,000 in costs. Murray Decl. ¶¶32, 35; Drake Decl. ¶¶7, 9. To effectively manage this case, Class Counsel turned down other opportunities. Class Counsel took on these burdens even though recovery was far from certain. Murray Decl. ¶36. Many of Block's defenses stem from the nature of the person-to-person payment services offered by its app. For example, Block denied that it could be liable for referral texts because, Block contended, many Settlement Class Members likely consented to the texts by providing their cell phone numbers to the senders to facilitate person-to-person transactions. Block informed Plaintiff before mediation that, if the

---

[4] Claims rates are notoriously difficult to estimate and the actual claims rate may be on the lower end of the range because the estimate assumes a class size of 1.97 million people. Some of those people may not be Class Members because they did not receive the text messages, consented to receive them, or resided outside of Washington when they received them.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 6
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

case did not settle, it intended to survey its users to determine if they obtained consent before sending the messages. Plaintiff was confident the survey would support her case, but there was considerable risk that the survey would raise consent issues relevant to class certification. This risk was a significant consideration in reaching this settlement.

At the time of settlement, Plaintiff had yet to overcome several procedural hurdles. Plaintiff had yet to obtain and maintain class certification, defend the admissibility of her experts' opinions, defeat the pending summary judgment motion and likely a subsequent dispositive motion, and retain a favorable judgment on appeal. These risks are heightened in this case because few judicial opinions address the applicable CEMA provision and Plaintiff's ability to prove her claims on a class basis would have been hotly contested. Due to these risks, Class Counsel faced the very real possibility they would not recover *any* fees and costs. *See Lofton v. Verizon Wireless (VAW) LLC*, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (awarding fees above the 25% benchmark where, absent settlement, "there would remain a significant risk that the Settlement Class may have recovered less or nothing"). This factor weighs in favor of Class Counsel's fee request.

        c.    *Class Counsel's demonstrated skill and work quality.*

Class Counsel were able to litigate this case efficiently because of their experience litigating class action cases, particularly cases involving claims arising from unwanted commercial calls and texts brought under CEMA and the TCPA. *See* Murray Decl. ¶¶19, 28-29; Drake Decl. ¶4. Class Counsel relied on their depth of experience with these claims and class action litigation to focus their discovery efforts, identify strengths and weaknesses of Plaintiff's claims, and negotiate a settlement that capitalized on the strength of the claims while accounting for the risks of continued litigation. Class Counsel attained this relief for the Settlement Class even as they faced the vigorous defense of Block's skilled counsel. *See, e.g., Lofton*, 2016 WL 7985253, at *1 (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment in the fee award). This factor supports the fee request.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 7
CASE NO. 2:23-cv-01969-JHC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

    d.  *Awards in similar cases show the requested fee is reasonable.*

The Ninth Circuit has held that in determining a fee, it is "appropriate to examine lawyers' reasonable expectations, which are based on the circumstances of the case and the range of fee awards out of common funds of comparable size." *Vizcaino*, 290 F.3d at 1050. A fee of 25% of the common fund is the Ninth Circuit benchmark. *Bluetooth*, 654 F.3d at 942; *see also Reed v. Light & Wonder, Inc.*, 2022 WL 3348217, at *1 (W.D. Wash. Aug. 12, 2022) ("the mean percentage award of attorneys' fees in class actions in the Ninth Circuit is 24.5% of the common fund, and the mean percentage award in this District is 26.98"). Class Counsel's request for a fee award of 25% of the common fund is consistent with—if not lower than—awards in similar cases. *See Robinhood*, No. 2:21-cv-01571-BJR, ECF 108 (W.D. Wash. 2024) (awarding 25% of $9 million common fund in CEMA case); *Ferrando v. Zynga Inc.*, 2022 WL 17741841, at *1 (W.D. Wash. Dec. 1, 2022) (awarding 25% of $12 million common fund); *Schmitt v. Kaiser Found. Health Plan of Wash.*, 2024 WL 1676754, at *4-5 (W.D. Wash. Apr. 18, 2024) (awarding one third of settlement fund that "provides a substantial monetary benefit for the Class" where "counsel undertook a significant risk in bringing this class action lawsuit on a contingent basis"); *Mannacio v. Sovereign Lending Group*, No.3:22-cv-05498-TMC, ECF 77 (W.D. Wash. Mar. 1, 2024) (awarding one third of settlement fund in TCPA case).

    2.  <u>A lodestar crosscheck confirms the requested fee is reasonable.</u>

While not required, a lodestar crosscheck supports the requested fee. *See Farrell v. Bank of Am.*, 827 F. App'x 628, 630 (9th Cir. 2020) ("This Court has consistently refused to adopt a crosscheck requirement, and we do so once more."); *see also Glass v. UBS Fin. Servs.*, 331 F. App'x 452, 456-57 (9th Cir. 2009) (affirming fee award of 25% of settlement fund with an "informal" lodestar crosscheck and despite "the relatively low time-commitment by plaintiff's counsel" because "the district court did not abuse its discretion in giving weight to other factors, such as the results achieved for the class and the favorable timing of the settlement"). Courts calculate the lodestar by multiplying the number of hours reasonably expended by a reasonable rate, and then consider adjusting the lodestar to account for factors like the benefit obtained for

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 8
CASE NO. 2:23-cv-01969-JHC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the class, risk of nonpayment, complexity and novelty of the issues presented, and awards in similar cases. *Bluetooth*, 654 F.3d at 941-42.

Class Counsel's combined lodestar of $1,010,181 represents a multiplier of under 3.1, which is well within the range of multipliers approved in this Circuit. *See Vizcaino*, 290 F.3d at 1051, n.6 (collecting dozens of cases and finding that multipliers "ranging from one to four are frequently awarded"). Courts routinely find higher multipliers appropriate when using the lodestar method as a crosscheck. *See, e.g., Steiner v. Am. Broad Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007) (finding multiplier of approximately 6.85 to be "well within the range of multipliers that courts have allowed"); *Chery v. Tegria Holdings LLC*, 2024 WL 5009036, at *8 (W.D. Wash. Dec. 6, 2024) (finding multiplier of 4.7 reasonable for a fee equal to 25% of settlement fund); *Morris v. FPI Mgmt., Inc.*, 2022 WL 3013076, at *4 (E.D. Wash. Feb. 3, 2022) (finding multiplier of 3.3 to be reasonable for fee equal to 25% of the settlement value); *Stanikzy v. Progressive Direct Ins. Co.*, 2022 WL 1801671, at *7 (W.D. Wash. June 2, 2022) (finding multiplier of "nearly 3" to be reasonable for fee equal to 25% of the settlement value), *aff'd*, 2023 WL 4837875 (9th Cir. July 28, 2023); *Lloyd v. Navy Fed. Credit Union*, 2019 WL 2269958, at *13 (S.D. Cal. May 28, 2019) (awarding fee equal to 25% of the settlement value, resulting in multiplier around 10.96); *Craft v. Cnty. Of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (finding multiplier of 5.2 reasonable, noting "there is ample authority for such awards resulting in multipliers in this range or higher"); *see also Reyes v. Experian Info. Sols., Inc.*, 856 F. App'x 108, 110 (9th Cir. 2021) (reversing award of less than 25% benchmark for class settlement).

Class Counsel's lodestar was calculated based on reasonable hourly rates. In determining a reasonable hourly rate, courts look to the prevailing market rates in the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Class Counsel's hourly rates of $250–$1,180 are consistent with the prevailing market rates in this district. *See, e.g., Montano v. Dep't of Health*, 2025 WL 1437896, at *1 (W.D. Wash. May 19, 2025) (awarding $1,000 and $650 per hour to Davis Wright Tremaine attorneys and noting the

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 9
CASE NO. 2:23-cv-01969-JHC

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

rates were "generally at or below the median of the range of 19 other large firms with litigation practices and either headquarters or branch offices in Seattle and reflective of rates that are localized to the Puget Sound legal market"); *Davis v. Symetra Life Ins. Co.*, 2025 WL 1434727, at *4 (W.D. Wash. May 19, 2025) (approving fee of 33 1/3% of common fund supported by lodestar crosscheck with 2.73 multiplier and using hourly rates of $1,025-$1,425 for partners, $875 for senior counsel, $675-$875 for associates, $400 for paralegals, and $250-$375 for legal assistants); *Washburn v. Porsche Cars N. Am., Inc.*, 2025 WL 1017983, at *9-10 (W.D. Wash. Apr. 4, 2025) (approving lodestar fee award using hourly rates of $880-$1,125 for partners and $300-$350 for paralegals); *Dunne v. Quantum Residential Inc.,* 2025 WL 896741, at *2 (W.D. Wash. Mar. 24, 2025) (awarding fee equal to 40% of settlement fund in FLSA case based on lodestar calculation using hourly rates of $800-$975 for partners, $500 for associate, and $300 for paralegals); *Peterson v. BSH Home Appliances Corp.*, 2024 WL 2978216, at *1 (W.D. Wash. June 13, 2024) (approving rates of $468–$1057 for attorneys and $206–$250 for paralegals); *Randall v. Integrated Commc'n Servs.*, No. 3:20-cv-05438-DGE, ECF 135 (W.D. Wash. Mar. 29, 2024) (awarding one third of settlement fund where lodestar crosscheck was based on rates from $680 to $1295).

The rates reflect Class Counsel's extensive experience in class actions and complex litigation involving similar claims. Class Counsel are well-regarded members of the Bar and have provided the Court with declarations describing their background and experience. Murray Decl. ¶¶20-27, 32; Drake Decl. ¶4; ECF 93, 93-2, 93-3. Class Counsel set their rates for attorneys and staff members based on several factors, including the experience, skill, and sophistication required for the legal services performed, the rates customarily charged in the markets where legal services are typically performed, and the experience, reputation, and ability of the attorneys and staff members. Murray Decl. ¶34; Drake Decl. ¶5.

Class Counsel's lodestar was calculated based on the reasonable number of hours Class Counsel dedicated to this case from its inception through discovery, motion practice, and negotiation of the settlement and related briefing. In all, Class Counsel dedicated over 1,500

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 10
CASE NO. 2:23-cv-01969-JHC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

hours to the litigation to date. Murray Decl. ¶32, Ex.1; Drake Decl. ¶7, Ex. A. This total excludes time that Class Counsel removed as administrative, that did not benefit the Settlement Class, or that was arguably excessive. Murray Decl. ¶30; Drake Decl. ¶8. Class Counsel will spend additional hours seeing this case through to resolution, including moving for final approval, attending the final approval hearing, and ensuring the claims process is properly carried out. For these reasons, a lodestar crosscheck supports the requested fee award.

**B.      Class Counsel's litigation costs were necessarily and reasonably incurred.**

Class Counsel incurred $41,133.36 in costs, including filing and service fees, mediation fees, transcript costs, court reporting fees, and travel expenses. Murray Decl. ¶35; Drake Decl. ¶9. These and other costs incurred by Class Counsel were reasonable and necessary to this litigation and the type of costs normally charged to paying clients. Murray Decl. ¶35. Courts routinely reimburse these types of costs. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *Corson v. Toyota Motor Sales U.S.A., Inc.*, 2016 WL 1375838, at *9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"); *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding costs for document review, depositions, and experts).

**C.      Plaintiff's requested service award should be approved.**

Service awards "are intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD*, 779 F.3d at 943 (citation omitted). They recognize class representatives' efforts and the financial or reputational risk they undertake, and their willingness to act as private attorneys general. *Rodriguez v. W. Publishing*, 563 F.3d 948, 958-59 (9th Cir. 2009). They are typically approved if they are reasonable and do not undermine the class representative's adequacy. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 11
CASE NO. 2:23-cv-01969-JHC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff dedicated substantial time to the litigation for the benefit of Settlement Class Members, including by developing the claims, responding to discovery, producing documents and personal text messages, and attending a full-day deposition that covered highly personal details and required her to turn down an opportunity to work at the Washington State Fair that would have paid her $2,500. *See* Bottoms Decl. ¶¶8-9. She also assisted in the settlement process by authorizing the settlement in principle and reviewing and executing the Settlement Agreement. *Id.* ¶9. A service award of $10,000 is appropriate in this case. *See* 5 Newberg and Rubenstein on Class Actions § 17:1 (6th ed. June 2025 update) ("Empirical evidence shows that incentive awards are now paid in most class suits and average between $10,000 to $15,000 per class representative."); *see also Tuttle v. Audiophile Music Direct, Inc.*, 2023 WL 8891575, at *16 (W.D. Wash. Dec. 26, 2023) (approving $10,000 service award, and citing cases approving similar awards); *Morris v. FPI Mgmt., Inc.*, 2022 WL 3013076, at *7 (E.D. Wash. Feb. 3, 2022) (approving $10,000 service award); *Wilson v. Huuuge, Inc.*, 2021 WL 512229, at *2 (W.D. Wash. Feb. 11, 2021) (approving $10,000 service award); *Veridian Credit Union v. Eddie Bauer LLC*, 2019 WL 5536824, at *3 (W.D. Wash. Oct. 25, 2019) (approving $10,000 service award).

## IV.    CONCLUSION

Plaintiff requests the Court approve an attorneys' fee award of $3,125,000, or 25% of the $12,500,000 Settlement Fund, reimbursement of $41,133.36 in litigation costs, and a $10,000 service award. Plaintiff will provide a detailed Final Approval Order and Judgment for the Court's consideration with her Motion for Final Approval.

RESPECTFULLY SUBMITTED AND DATED this 25th day of September, 2025.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 4,181 words, in compliance with the Local Civil Rules.*

By: /s/ *Jennifer Rust Murray*
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD - 12
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

|   |   |
|---|---|
| 1 | Eden B. Nordby, WSBA #58654 |
| 2 | Email: enordby@terrellmarshall.com |
|   | 936 North 34th Street, Suite 300 |
| 3 | Seattle, Washington 98103 |
|   | Telephone: (206) 816-6603 |

Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Sophia M. Rios, *Admitted Pro Hac Vice*
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, California 91942
Telephone: (619) 489-0300

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5933

Colleen Fewer, *Admitted Pro Hac Vice*
Email: cfewer@bm.net
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 376-2097

*Attorneys for Plaintiff and the Class*

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARD - 13
CASE NO. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com