THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KIMBERLY BOTTOMS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

BLOCK, INC. (F/K/A, SQUARE, INC.) (D/B/A, CASH APP),

Defendant.

NO. 2:23-cv-01969-JHC

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR HEARING: DECEMBER 2, 2025, 10:00 A.M.**

**ORAL ARGUMENT**

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 1

A. Plaintiff sued Block for CEMA and CPA violations ..... 1

B. Plaintiff defeated Block's motion to dismiss and the parties commenced discovery ..... 2

C. At the Court's direction, the parties initially limited discovery to Plaintiff's individual claims, and Block moved for summary judgment on those claims ..... 2

D. With summary judgment fully briefed, the parties mediated and ultimately negotiated the settlement ..... 3

E. The Court granted preliminary approval and EAG implemented the notice plan ..... 4

F. Plaintiff's motion for attorneys' fees, costs, and service award was posted to the Settlement Website ..... 4

III. ARGUMENT ..... 5

A. The Settlement Class should be finally certified ..... 5

B. Notice complied with Rule 23 and due process ..... 5

C. The settlement is fair, reasonable and adequate ..... 6

1. The Settlement Class has been well represented ..... 7

2. The settlement is the result of arm's-length, non-collusive negotiations ..... 7

3. The relief favors approval, particularly given the risk, cost and delay of litigation ..... 8

4. Continued litigation presents significant risk ..... 9

a. The parties efficiently resolved risky claims that could have taken years to bring to a conclusion ..... 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

        b. The Settlement Fund will be distributed equally to Settlement Class Members who submitted a simple Claim Form .............10

c. The attorneys' fee request is reasonable ..................................12

d. There is no agreement to be identified under Rule 23(e)(3).....12

5. No governmental entity objected ........................................................12

6. The Settlement Class's reaction is positive .........................................13

IV. CONCLUSION..........................................................................................................13

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT -ii
Case No. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Almanzar v. Home Depot U.S.A., Inc.*,
2024 WL 36175 (E.D. Cal. Jan. 3, 2024) ....................10

*Bayat v. Bank of the West,*
2015 WL 1744342 (N.D. Cal. 2015) ....................12

*Edwards v. Andrew*,
846 F. App'x 538 (9th Cir. 2021) ....................6

*Fitzhenry-Russell v. Coca-Cola Co.*,
2019 WL 11557486 (N.D. Cal. Oct. 3, 2019)....................11

*In re Anthem, Inc. Data Breach Litig.*,
327 F.R.D. 299 (N.D. Cal. 2018)....................13

*In re Bluetooth Headset Products Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ....................7, 8

*In re ConAgra Foods,*
2023 WL 8937622 (C.D. Cal. Sept. 18, 2023) ....................13

*In re Hyundai & Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) ....................5

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ....................8, 9, 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prod. Liab. Litig.*,
895 F.3d 597 (9th Cir. 2018) ....................7

*Moore v. Robinhood Financial,*
No. 2:21-cv-01571-BJR (W.D. Wash. June 12, 2024) ....................8

*Morris v. FPI Mgmt.,*
2022 WL 3013076 (E.D. Wash. Feb. 3, 2022) ....................10

*Mullane v. Central Hanover Bank & Trust*,
339 U.S. 306 (1950)....................5

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)....................10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Noll v. eBay, Inc.*,
309 F.R.D. 593 (N.D. Cal. 2015) ........ 10

*Pollard v. Remington Arms Co.*,
896 F.3d 900 (8th Cir. 2018) ........ 12

*Roes, 1–2 v. SFBSC Management*,
944 F.3d 1043 (9th Cir. 2019) ........ 8

*Ruch v. AM Retail Group*,
2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) ........ 7

*Wright v. Lyft, Inc.*,
No. 14-cv-00421-BJR (W.D. Wash. Feb. 13, 2019) ........ 8

**STATE CASES**

*Gragg v. Orange Cab Co.*,
No. 12-cv-00576-RSL (W.D. Wash. Apr. 18, 2018) ........ 8

*Summers v. Sea Mar Community Health Centers*,
29 Wn. App. 2d 476 (2024) ........ 12

*Wright v. Lyft, Inc.*,
189 Wn.2d 718 (2017) ........ 2, 9

**FEDERAL RULES AND STATUTES**

Fed. R. Civ. P. 23 ........ 5, 6

Fed. R. Civ. P. 23(a) ........ 4, 5

Fed. R. Civ. P. 23(b)(3) ........ 4, 5

Fed. R. Civ. P. 23(c)(2)(B) ........ 5

Fed. R. Civ. P. 23(e) ........ 6

Fed. R. Civ. P. 23(e)(1) ........ 5

Fed. R. Civ. P. 23(e)(2) ........ 6, 7

Fed. R. Civ. P. 23(e)(3) ........ 6

Fed. R. Civ. P. 23(e)(4) ........ 6

Fed. R. Civ. P. 23(f) ........ 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com


Fed. R. Civ. P. 26(f) ..........2

28 U.S.C. §1715 ..........4

28 U.S.C. § 1715(d) ..........12

**STATE STATUTES**

RCW 19.190.060(1) ..........2

RCW 19.190.070(1)(b) ..........2

**OTHER AUTHORITIES**

4 Newberg & Rubenstein on Class Actions § 12:17 (6th ed. June 2025) ..........12

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT -v
Case No. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Kimberly Bottoms requests the Court grant final approval of the class settlement she reached with Defendant Block, Inc. The settlement requires Block to establish a $12,500,000 non-reversionary Settlement Fund. If the Court approves the requested administration costs, attorneys' fees, litigation expenses, and service award, Plaintiff's counsel estimates that Settlement Class Members who submitted valid claims will receive $400—$540, depending on the final number of valid claims. This is an excellent result for the consumers who may have received a Cash App "Invite Friends" text message that Plaintiff alleges violated the Washington Commercial Electronic Mail Act and the Washington Consumer Protection Act, a statutory scheme that authorizes statutory damages of $500 for each illegal text.

Settlement Administrator Eisner Advisory Group implemented the Court-approved notice plan and delivered postcard or email notices to 80% of identified Settlement Class Members, including four reminder notices. EAG also implemented digital notice targeting Washington residents who may have received the texts. The Settlement Website received 738,171 visitors and 2,490 calls were placed to the dedicated telephone line. Class Counsel received an additional 123 calls from consumers with questions about settlement. This robust response is evidence the notice plan successfully reached its targeted audience.

Plaintiff respectfully requests the Court grant final approval of the settlement.

## II. BACKGROUND

### A. Plaintiff sued Block for CEMA and CPA violations.

Plaintiff filed this lawsuit on November 14, 2023, after receiving "Invite Friends" text messages from Cash App user Lisa Cook. Block's "Invite Friends" marketing campaign at the time paid Cash App users $5 for each contact who signed up and made a qualifying payment. Dkt.#1-2, 24.

Plaintiff alleged violations of CEMA and the CPA on behalf of other consumers who received unsolicited Cash App texts. CEMA prohibits "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

telephone or pager service," RCW 19.190.060(1), unless the recipient "clearly and affirmatively consented in advance to receive these text messages," RCW 19.190.070(1)(b). A violation of CEMA is a per se violation of the CPA. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732 (2017) (holding violation of CEMA establishes all five elements of CPA claim).

**B. Plaintiff defeated Block's motion to dismiss and the parties commenced discovery.**

Block moved to dismiss, arguing that Plaintiff failed to allege Block "substantially assisted" in transmitting the text messages and "kn[ew] or consciously avoid[ed] knowing" the senders violated the CPA. Block argued that CEMA exempts its conduct from the definition of activities that assist the transmission, and Plaintiff failed to allege the texts she received constitute commercial electronic text messages under CEMA. Dkt.#12. Plaintiff opposed, Dkt.#15, and the Court denied Block's motion. Dkt.#24.

The parties held their Rule 26(f) conference on February 27, 2024 and filed a Joint Status Report and Discovery Plan on March 12. Dkt.#17. Plaintiff served requests for production and interrogatories and the parties exchanged initial disclosures and negotiated a stipulated protective order in the interim. *Id.*; Dkt.#20.

**C. At the Court's direction, the parties initially limited discovery to Plaintiff's individual claims, and Block moved for summary judgment on those claims.**

At the April 16 Scheduling Conference, Judge Pechman suggested the parties initially focus on Plaintiff's individual claims by stipulating to certain facts and limiting discovery to facts related to Plaintiff's experience, then determine whether those facts amount to violations of CEMA and the CPA through an early summary judgment motion. Dkt.#22.

The parties conferred about fact stipulations and discovery, agreed to search terms, and produced responsive documents. Dkt.#34, 36, 38. While primarily targeting Plaintiff's personal experience, much of the discovery was also relevant to the class claims, such as Block's knowledge of the referral text transmissions—the scope of which was hotly disputed and the subject of a discovery hearing before the parties reached resolution. Dkt.#30-31. Block deposed

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff and Cook, and both parties served subpoenas on cell phone providers for records associated with Plaintiff's phone numbers.

Block moved for summary judgment on October 23, 2024. Block's central argument was that the dormant Commerce Clause renders CEMA unconstitutional because CEMA regulates conduct outside Washington. Block also argued that Plaintiff consented to receive the text messages, she could not show Block assisted in their transmission because they did not promote Cash App or that Block knew they violated the CPA, and she has no claim for damages or standing to seek injunctive relief. Dkt.#40.

The Court certified to the Washington Attorney General that the constitutionality of a statute had been challenged. Dkt.#43. Plaintiff opposed, Dkt.#61, and the AG intervened and opposed, Dkt.#50, 57. Block filed its reply on January 28, 2025. Dkt.#68.

**D. With summary judgment fully briefed, the parties mediated and ultimately negotiated the settlement.**

Shortly after Block filed its reply, the parties asked the Court to defer considering the motion to give them an opportunity to explore settlement. Dkt.#74-75. They mediated with Jill Sperber of Judicate West on March 18, 2025. Dkt.#79. While the parties did not reach agreement, they continued negotiations with Ms. Sperber's assistance over the following weeks. They notified the Court they had reached an agreement in principle on April 1, 2025. Dkt.#81. The parties then negotiated the details of the settlement memorialized in the Settlement Agreement they executed on June 27, 2025. Murray Decl. Ex.A ("SA").

The settlement requires Block to pay $12,500,000 to establish a non-reversionary common fund for a Settlement Class defined as:

> All persons who received a Cash App referral program text message, and who were Washington residents at the time of the receipt of such text message, between and including November 14, 2019 and the latest date Block pulls data to provide to the Settlement Administrator identifying the phone numbers with Washington area codes to which Invite Friends texts were initiated. Persons who clearly and affirmatively consented in advance to receive Cash App referral program text messages are excluded from the class.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

SA ¶¶1.19, 1.21. If the settlement is approved, the Settlement Fund will be used to pay Settlement Awards to Settlement Class Members, settlement administration costs, and Court-approved attorneys' fees, costs, and service award. Each Settlement Class Member who submitted a valid Claim Form will receive an equal distribution from the fund. SA ¶¶4.03-4.07. Settlement Class Members will release all claims related to Cash App "Invite Friends" referral text messages that were or could have been brought in this action. SA ¶¶1.14, 5.01-5.04.

**E. The Court granted preliminary approval and EAG implemented the notice plan.**

Plaintiff moved for preliminary approval on June 30. Dkt.#91-4. The Court granted the motion, finding the Rule 23(a) and (b)(3) requirements preliminarily satisfied, approving the proposed Class Notice plan, the claim procedures, and the requirements for objections and exclusions, and scheduling a Final Approval Hearing. Dkt.#96.

EAG implemented the notice plan, which included notice to government entities required by the Class Action Fairness Act, 28 U.S.C. §1715, email and postcard notice, one postcard and three email reminder notices, a Settlement Website and dedicated toll-free IVR line, and a custom digital notice campaign. Madden Decl. ¶¶5–16. The postcard and email notices reached 80% of identifiable Settlement Class Members. *Id.* ¶17.

EAG is processing Claim Forms, which were submitted electronically through the Settlement Website or by mailing a tear-off claim form attached to the postcard notice or available on the Settlement Website. As of November 26, EAG validated 16,057 claims. *Id.* ¶19.

**F. Plaintiff's motion for attorneys' fees, costs, and service award was posted to the Settlement Website.**

On September 25, Plaintiff moved for a fee of $3,125,000, or 25% of the Settlement Fund, $41,133.36 in costs, and a $10,000 service award. Dkt.#98-102. EAG posted the motion to the Settlement Website on September 26, which was 30 days before the objection, exclusion, and claims deadline. Madden Decl. ¶14.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## III. ARGUMENT

### A. The Settlement Class should be finally certified.

The Court preliminarily certified the Settlement Class for settlement purposes when it granted preliminary approval of the settlement. Dkt.#96 ¶¶3-4. The Settlement Class continues to satisfy the requirements of Rule 23(a) and (b)(3) for the reasons discussed in that order and Plaintiff's preliminary approval motion. *See* Dkt.#91 at 6-10.

### B. Notice complied with Rule 23 and due process.

Rule 23 provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). When a class is certified under Rule 23(b)(3), the notice must also be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To comply with constitutional due process standards, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950).

The notice plan satisfied these requirements. The notices described the litigation, the Settlement Class, the claims and defenses, how to file a claim, object, opt out, and appear at the Final Approval Hearing, and the binding effect of a class judgment. While more abbreviated, the Email and Postcard Notices directed recipients to the Settlement Website for additional information. Madden Decl. Exs. B, C, G. The Settlement Website included an FAQ, key dates, important documents like the complaint, Settlement Agreement, preliminary approval motion, and attorneys' fee motion, toll-free number and email to contact EAG, and a form for submitting claims electronically or by mail. *Id.* ¶¶14-16. Settlement Class Members received "enough information so that those with adverse viewpoints could investigate and come forward and be heard." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'" (citation omitted)).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

EAG performed a reverse lookup analysis on the numbers it received from Block to identify names and mailing and email addresses, locating information for 1,649,694 unique numbers. Madden Decl. ¶7. EAG successfully delivered Email Notice to 1,213,655 unique numbers with email addresses that passed its hygiene and verification process. *Id.* ¶¶8, 17. EAG successfully delivered Postcard Notice to 382,612 unique numbers for which it could not locate an email address. *Id.* ¶¶9, 17. These Notices reached 80% of the Settlement Class. *Id.* ¶17. Before the claim deadline, EAG sent four supplemental notices. *Id.* ¶11, Exs. D &E.

On September 10, 2025, EAG coordinated digital notice across Google Display Network, Facebook and Instagram, targeting current and former Washington residents. A promoted Facebook post increased visibility. Over four weeks, 46,737,702 impressions were served. *Id.* ¶12. The Settlement Website received 738,171 unique visitors and 2,490 calls were placed to the dedicated telephone line. *Id.* ¶¶14-15.

The notice plan implemented by EAG satisfied Rule 23 and due process. *See Edwards v. Andrew*, 846 F. App'x 538, 539 (9th Cir. 2021) ("the plaintiffs' class notice satisfied Federal Rule of Civil Procedure 23 and due process because, among other things, the plaintiffs' expert opined that at least 75 percent of the class received notice").

**C. The settlement is fair, reasonable and adequate.**

Rule 23(e) provides that courts should grant final approval to class settlements that are "fair, reasonable, and adequate" and outlines a four-factor test intended to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision…." Fed. R. Civ. P. 23(e)(2) advisory committee's note to the 2018 amendments. Courts consider whether (1) the class representative and class counsel adequately represented the class; (2) the proposal was negotiated at arm's-length; (3) the relief is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any method of distributing relief to the class, including methods of processing claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

These factors are consistent with factors the Ninth Circuit identified as guides in determining whether a class settlement should be approved: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and stage of proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

Despite this "lengthy but non-exhaustive list of factors that a district court may consider when weighing a proposed settlement," "there are few, if any, hard-and-fast rules about what makes a settlement 'fair' or 'reasonable.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs. & Prod. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *Id.* at 611. Consideration of the relevant factors and "the whole gestalt of the case" confirms this settlement is fair, reasonable, and adequate.

1. <u>The Settlement Class has been well represented.</u>

The Court found Plaintiff and Class Counsel fairly and adequately protected the Settlement Class Members' interests. Dkt.#96 ¶7. They continue to do so. This factor supports approval of the settlement.

2. <u>The settlement is the result of arm's-length, non-collusive negotiations.</u>

The parties approached settlement discussions the same way as the litigation—by diligently advocating for their clients. They mediated with an experienced mediator and directly negotiated final terms. *Ruch v. AM Retail Group,* 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) (the "process by which the parties reached their settlement," which included "formal mediation…weigh[ed] in favor of preliminary approval"); Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests”).

None of the “red flags” of potential collusion the Ninth Circuit identified are present. *See In re Bluetooth*, 654 F.3d at 947. Class Counsel are not requesting a disproportionate portion of the Settlement Fund in fees. *Cf. id.* at 938 (reversing approval of settlement providing no money to the class while setting aside up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Management,* 944 F.3d 1043 (9th Cir. 2019) (reversing approval of settlement where fees were nearly half the settlement fund). The parties did not negotiate a “clear-sailing” arrangement “in which defendants agreed not to object to an award of attorneys’ fees.” *In re Bluetooth*, 654 F.3d at 947. Finally, the settlement does not contain a “kicker” in which “all fees not awarded would revert to defendants rather than be added to the *cy pres* fund or otherwise benefit the class.” *Id.*

3. <u>The relief favors approval, particularly given the risk, cost and delay of litigation.</u>

The $12,500,000 settlement is an outstanding result for the Settlement Class. If the Court approves the requested fees, costs, service award, and administrative costs, the remaining Fund—approximately $8,704,366.64—will be distributed equally to Settlement Class Members who submitted valid Claim Forms. Madden Decl. ¶22. These payments are estimated to be approximately $400-$540, depending on the final number of valid claims, which equals at least 80% of the minimum $500 per text Settlement Class Members could recover under CEMA and 27% of the maximum $1,500 statutory damages they could recover if they proved Block’s conduct was willful. These payments are consistent with other CEMA class settlements. *See, e.g., Moore v. Robinhood Financial,* No. 2:21-cv-01571-BJR (W.D. Wash. June 12, 2024) (claimants received $187 from $9,000,000 fund), ECF 103 at 2; *Wright v. Lyft, Inc.*, No. 14-cv-00421-BJR (W.D. Wash. Feb. 13, 2019) (claimants received up to $132 from $3,995,000 fund), ECF 93 at 6; *Gragg v. Orange Cab Co.,* No. 12-cv-00576-RSL (W.D. Wash. Apr. 18, 2018) (claimants received $48), ECF 218 ¶ 7.

In determining whether the relief is adequate, courts balance the strength of the plaintiff’s case against the risk, expense, complexity, and duration of further litigation. *See In re Online*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). These considerations further support approval of the settlement.

4. Continued litigation presents significant risk.

Plaintiff believes she has a strong case but there are unique challenges in addition to the usual risks of class litigation. The law interpreting CEMA is still developing. The Washington Supreme Court has issued a single opinion addressing the statute's electronic text message provisions, *Wright v. Lyft,* 189 Wn.2d 718 (2017). New decisions could impact Block's liability. In its summary judgment motion, Block argued that CEMA is unconstitutional. Dkt.#40. This motion was pending when the parties negotiated this settlement, leaving the constitutional issue to be addressed by another court in another case. A ruling in this case, or on the parties' dispute over Block's liability, could have brought the case to a halt, with no relief to Plaintiff and other Settlement Class Members. If Plaintiff prevailed, Block was likely to appeal, causing delay and continuing the risk.

Additional challenges remained even if Plaintiff defeated Block's summary judgment motion. Proving Block's liability on a classwide basis—assuming Plaintiff cleared the class certification hurdle and the class survived a likely Rule 23(f) appeal—would require Plaintiff to counter evidence Block intended to develop that text recipients consented. Block contended that because Cash App allows person-to-person payments when, for example, people split a restaurant bill, it was likely many senders and recipients were together when the invitation was sent. Block also modified its Invite Friends feature before this lawsuit to require Cash App users to confirm recipients consented before initiating a text to someone with a Washington area code. Block's consent theories remain untested risks to Plaintiff's ability to prove CEMA liability.

*a. The parties efficiently resolved risky claims that could have taken years to bring to a conclusion.*

With summary judgment looming and additional procedural and factual challenges remaining, the parties agreed to explore settlement with the assistance of an experienced mediator. By this time, the parties had a solid understanding of the strengths and weaknesses of

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

their cases through discovery and motion practice. They also knew continued litigation would be expensive and time-consuming, in addition to risky. The parties had not yet engaged in class certification discovery and briefing and knew that would be a substantial undertaking. There likely would be additional dispositive motions filed by both parties, before trial and appeal.

The settlement provides certain, immediate, and significant relief. *See Almanzar v. Home Depot U.S.A., Inc.*, 2024 WL 36175, at *4 (E.D. Cal. Jan. 3, 2024) ("Approval of settlement is 'preferable to lengthy and expensive litigation with uncertain results.'"); *Nat'l Rural Telecomms. Coop. v. DIRECTV*, *Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." (citation omitted)); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 606 (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation.").

Class Counsel, who are experienced in litigating and resolving class action cases, strongly support the settlement. Murray Decl. ¶3; *see In re Online DVD*, 779 F.3d at 944 ("the extent of discovery completed and the stage of the proceedings" as well as "the experience and views of counsel" are relevant to approval (citation omitted)).

*b. The Settlement Fund will be distributed equally to Settlement Class Members who submitted a simple Claim Form.*

Each Settlement Class Member who submitted a timely, valid Claim Form will receive an equal share of the Settlement Fund, after deducting Court-approved attorneys' fees and costs, service award, and administrative costs. Equal distribution treats Settlement Class Members fairly relative to each other since their claims are based on the same statutes with the same statutory damages. *See*, *e.g.*, *Morris v. FPI Mgmt.,* 2022 WL 3013076, at *4 (E.D. Wash. Feb. 3, 2022) (equal "apportionment among class members appropriately accounts for the similarities among their claims"). The requested service award is reasonable recognition of Plaintiff's

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

contribution. *See id.* at *7 (approving $10,000 service award that was less than 1% of total settlement amount although higher than $30.67 class members payments); *see also* Dkt.#98 at 11-12.

The Claim Form was simple, merely requiring claimants to provide contact information and attest they received an "Invite Friends" text message, resided in Washington, and did not consent in advance. Madden Decl. Ex.H. No documentation was required. *See Fitzhenry-Russell v. Coca-Cola Co.*, 2019 WL 11557486, *7 (N.D. Cal. Oct. 3, 2019) ("[T]he Court concludes that the distribution method and claims process is reasonable. Class members who seek benefits under the Settlement must only submit a relatively simple claim form with basic questions about Class membership. The process would be no different than that required after trial, as Defendant … has no means of directly identifying … Class members."). Claims were submitted through the Settlement Website or by mail. Madden Decl. ¶18. EAG's review process includes matching claims with the class list and assessing potential indicators of fraud. EAG has begun sending deficiency notices for claims it deems deficient but likely not fraudulent. *Id.* ¶19.

The number of claims was lower than expected despite the robust direct and digital notice plan and multiple reminder notices. To date, EAG has approved 16,057 claims, which is 0.97% of the 1,649,694 noticeable phone numbers on Block's Class List. That number is expected to increase as deficient claims are cured. Claim rates are often lower in consumer cases like this where reliable addresses and emails are not readily available and the notice list is instead based primarily on telephone numbers. Claimants also had to certify they did not consent to receive the text messages. Because Cash App allows friends to exchange money at, for example, a restaurant, it is possible some people on the notice list consented to receive a text from their friends so they could share a bill. If they consented, they were not Settlement Class members. Claimants were also required to certify they were Washington residents at the time they received the texts, and it is likely people on the notice list resided outside Washington when they received the texts.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

As a leading class action treatise explains, "[a] threshold consideration in thinking about the class action claiming process is the fact that most class members will never step forward and file claims for relief in most class actions. There is both theoretical and empirical support for that statement." 4 Newberg & Rubenstein on Class Actions § 12:17 (6th ed. June 2025) (citing study finding "three in 11 cases have claim rates below 5%, two of which were below 1%" and noting that "[h]igher claiming rates tend to correspond with smaller classes and larger payouts"). Courts therefore approve settlements with similar notice plans and comparable claim rates, recognizing that "response rate is relevant only secondarily to the examination of the notice that was provided in the context of the possible forms of notice reasonably available." *Summers v. Sea Mar Community Health Centers*, 29 Wn. App. 2d 476, 486, 496-99 (2024) (affirming approval of settlement with 0.5% claim rate); *see also Pollard v. Remington Arms Co.,* 896 F.3d 900, 905, 917 (8th Cir. 2018) (affirming approval of settlement with claim rate of .29%: "We are mindful that while the claim submission rate is not desirable, the notice plan was adequate" and satisfied Rule 23); *Bayat v. Bank of the West,* 2015 WL 1744342, at *5-6 (N.D. Cal. 2015) (approving TCPA settlement with 1.9% claims rate because "for those class members who did file claims, the monetary relief available [approximately $151] appears reasonable").

*c. The attorneys' fee request is reasonable.*

Plaintiff's request for a fee award equal to the 25% Ninth Circuit benchmark is reasonable considering the relevant factors. Dkt.#98-101. No Settlement Class Member objected to the fee request.

*d. There is no agreement to be identified under Rule 23(e)(3).*

The parties have no agreements outside the Settlement Agreement.

5. <u>No governmental entity objected.</u>

EAG sent CAFA notice. Madden Decl. ¶5. Ninety days have passed and no governmental entity objected to the settlement, satisfying CAFA. 28 U.S.C. § 1715(d).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

  6. The Settlement Class's reaction is positive.

While the parties would have liked more claims, the Settlement Class's overall reaction is positive. There are no objections and only eight exclusions. Madden Decl. ¶¶20-21; *see In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018) (low rates of objections and opt-outs are "indicia of the approval of the class"); *In re ConAgra Foods,* 2023 WL 8937622, at *10 (C.D. Cal. Sept. 18, 2023) (lack of objections "indicates very strong overall support for the [settlement] and supports final approval").

## IV. CONCLUSION

Plaintiff respectfully requests the Court grant final approval of the settlement.

RESPECTFULLY SUBMITTED AND DATED this 26th day of November, 2025.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 4,199 words, in compliance with the Local Civil Rules*

By: /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Eden B. Nordby, WSBA #58654
Email: enordby@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Sophia M. Rios, *Admitted Pro Hac Vice*
Email: srios@bm.net
BERGER MONTAGUE PC
8241 La Mesa Blvd., Suite A
La Mesa, California 91942
Telephone: (619) 489-0300

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5933

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT -13
Case No. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Colleen Fewer, *Admitted Pro Hac Vice*
Email: cfewer@bm.net
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 376-2097

*Class Counsel*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT -14
Case No. 2:23-cv-01969-JHC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com